**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gina McFADDEN, Appellant.**

Superior Court of Pennsylvania.

Argued March 23, 2004.

Filed May 27, 2004.

---

Allan J. Sagot, Philadelphia, for appellant.

Jonathan M. Levy, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: STEVENS, MONTEMURO,* and KELLY, JJ.

STEVENS, J.

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after Appellant was convicted of making a false report to law enforcement authorities [1] and one count of unauthorized use of a computer as a misdemeanor.[2] On appeal, Appellant claims that the trial court erred in denying her motion to arrest judgment because the evidence was insufficient as a matter of law to sustain her convictions for making a false report to law enforcement authorities and unauthorized use of a computer. We affirm.

¶ 2 On October 18, 2001, Appellant and her co-defendant, Dawn Norman, were working as police officers and on duty in

---

* Retired Justice assigned to the Superior Court.

1. 18 Pa.C.S.A. § 4906(b).

2. 18 Pa.C.S.A. § 3933(a)(2) (this statute was repealed by 2002, Dec. 16, P.L.1953, No. 226, § 12. It has been replaced by 18 Pa.C.S.A. § 7611). Appellant was found not guilty of criminal mischief, 18 Pa.C.S.A. § 3304(a), obstruction of justice, 18 Pa.C.S.A. § 5101, and criminal conspiracy, 18 Pa.C.S. § 903. She was also acquitted of one count of unauthorized use of a computer as a felony.

patrol car 1715. N.T. 10/16/02 at 220–224. Throughout the day, a message had been repeatedly broadcasted over the MDT computers in the patrol cars concerning a missing truck containing hazardous materials. N.T. 10/17/02 at 69–72. In response to this message, at approximately 1:00 p.m., Officer McFadden sent a message over her MDT stating "[w]e don't care about that bullshit, we say fuck the USA. We hate America and we have anthrax in the back of our car, pussy." N.T. 10/16/02 at 7; N.T. 10/17/02 at 72. Concerned about the well-being of the officers and about a possible infiltration of the computer system, Appellant and Officer Norman were summoned back to their police station. N.T. 10/16/02 at 7–9. Both officers denied any knowledge of the message. N.T. 10/16/02 at 8. When questioned further, Appellant stated that they had left their car unattended and unlocked while eating lunch and also when they made a stop so that Officer Norman could use the bathroom. N.T. 10/16/02 at 21–23. Throughout questioning that afternoon, Appellant and Officer Norman repeatedly denied any knowledge of the message, expressed concerns about possible illness due to exposure to anthrax, and also expressed concerns that the message might have been sent by other polices officers as some form of revenge. N.T. 10/16/02 at 10–20, 23–24, 74–75. On October 30, 2001, Appellant gave a written statement to the Internal Affairs Division of the Philadelphia Police Department, in which she denied all knowledge of the message and reiterated her statements from October 18, 2001, concerning the times the car was left unattended. N.T. 10/16/02 at 190–213. On November 1, 2002, Appellant gave a second statement to Internal Affairs, retracting her first statement, in which she admitted to sending the message and lying about it to the investigating officers. N.T. 10/16/02 at 217–231. Also on November 1,

2002, Officer Norman gave a statement to Internal Affairs in which she admitted that she had seen the message on the MDT screen prior to its being sent and had lied about it to the investigating officers. N.T. 10/16/02 at 236–245.

¶ 3 A jury trial commenced on October 15, 2002, and on October 18, 2002, the jury found Appellant guilty of making a false report to law enforcement authorities and one count of unauthorized use of a computer as a misdemeanor. She was sentenced to two years of probation and directed to pay a fine of $2,500. On October 24, 2002, Appellant filed a motion to arrest judgment which was denied on March 24, 2003. Appellant filed a timely notice of appeal, and she was ordered to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b). Accordingly, Appellant filed her 1925(b) statement, and the trial court subsequently issued its opinion.

 ¶ 4 Appellant argues that the trial court erred in refusing to arrest judgment because the evidence with respect to the making a false report to law enforcement authorities and the unauthorized use of a computer charges was not sufficient to sustain the verdict. We begin our analysis by reiterating our standard of review:

> In reviewing a refusal to arrest judgment, we must consider whether the evidence was sufficient to uphold the verdict of the trial court. We must accept all the evidence and all reasonable inferences which may be drawn from that evidence upon which the fact finder could have based its verdict. If the evidence viewed in the light must favorable to the verdict winner is not sufficient to establish guilty beyond a reasonable doubt of the crime charged, then the motion should have been granted.

*Commonwealth v. McFadden,* 377 Pa.Super. 454, 547 A.2d 774, 775 (1988). Further, our standard of review for sufficiency of the evidence claims is well settled:

> In reviewing the sufficiency of the evidence, we view all the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable [the factfinder] to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty."

*Commonwealth v. Coon,* 695 A.2d 794, 797 (Pa.Super.1997) (citations omitted). Moreover, when reviewing the sufficiency of the evidence, this Court may not substitute its judgment for that of the fact-finder; if the record contains support for the convictions they may not be disturbed. *Commonwealth v. Marks,* 704 A.2d 1095, 1098 (Pa.Super.1997) (*citing Commonwealth v. Mudrick,* 510 Pa. 305, 308, 507 A.2d 1212, 1213 (1986)).

¶ 5 Appellant was convicted of unlawful use of a computer as a misdemeanor in the first degree. The crime of unlawful use of a computer was set forth in 18 Pa.C.S.A. § 3933(a)(2) which stated:

(a) Offense defined—A person commits the offense of unlawful use of a computer if he, whether in person, electronically or through the intentional distribution of a computer virus:

(2) intentionally and without authorization accesses, alters, interferes with the operation of, damages or destroys any computer, computer system, computer network, computer software, computer program or computer data base or any part thereof.

18 Pa.C.S.A. § 3933(a)(2).

¶ 6 Here, the evidence at trial established that, while Appellant was authorized to access the MDT for purposes of official police business, she was not authorized to access the computer for any other purposes. N.T. 10/17/02 at 31–32. She certainly was not authorized to access the computer for the purpose of distributing a message which implied that a Philadelphia police car had been contaminated with anthrax by terrorists.

¶ 7 While Appellant claims that she never meant to send the message, the evidence adduced at trial was more than sufficient to show that the message could not have been sent accidentally. The evidence established that, in order to send a message over the MDT system, it had to be typed in a very precise format for the message to be transmitted. N.T. 10/17/02 at 20–31. A message could not be sent out over the system merely by typing in the contents and pushing the send button; rather it had to include a very specific address and command instructions. N.T. 10/17/02 at 20–31. This circumstantial evidence was sufficient to rebut Appellant's claim of accidental access of the system. *See Commonwealth v. McBride,* 528 Pa. 153, 158–59, 595 A.2d 589, 591–92 (1991) (any element of a crime may be made out by circumstantial evidence).

¶ 8 Appellant admitted that, despite her awareness that the MDT was only to be used for official police business, she accessed for purposes of typing a false threat message. N.T. 10/17/02 at 75–78. Appellant claimed that she only intended this message to be viewed by her partner, but was unable to provide any explanation as

to why she typed the specific address and command instructions for sending the message when that was unnecessary if she merely wanted to type words onto the screen for her partner to read. N.T. 10/17/02 at 110–20. Her testimony, along with the evidence cited above, was sufficient to sustain her conviction for unlawful use of a computer.

¶ 9 Appellant was also convicted of making a false report to law enforcement authorities, as a misdemeanor in the third degree. The crime of making a false report to law enforcement authorities is set forth in 18 Pa.C.S.A. § 4906(b), which states:

(b) Fictitious reports.—Except as provided in subsection (c), a person commits a misdemeanor of the third degree if he:

(1) reports to law enforcement authorities an offense or other incident within their concern knowing that it did not occur; or

(2) pretends to furnish such authorities with information relating to an offenses or incident when he knows he has no information relating to such offense or incident.

18 Pa.C.S. § 4906(b).

¶ 10 Here, the evidence at trial established that Appellant sent a threatening message on her MDT. N.T. 1016/02 at 217–31; 10/17/02 at 75–120. The evidence further established that Appellant lied to her superiors when questioned about the message, claiming that she knew nothing about it and intimating that the car and the MDT system had been infiltrated because she and Officer Norman were away from the car at the time the message was sent. N.T. 10/16/02 at 8, 10–24, 190–213, 217–31. This evidence was more than sufficient to sustain a conviction for making false reports. *See Commonwealth v. Hlatky,* 426 Pa.Super. 66, 626 A.2d 575, 582 (1993) (false statements made in response to questions by the police when the defendant had knowledge of the true nature of the incident was sufficient to sustain a conviction for making false reports).

¶ 11 For all of the foregoing reasons, we affirm the trial court's judgment of sentence and its denial of Appellant's motion to arrest judgment.

¶ 12 Affirmed.