J-S58028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT S. COOLBAUGH, | |
| Appellant | No. 291 WDA 2014 |

Appeal from the Judgment of Sentence Entered on February 7, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001771-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 09, 2014**

Appellant, Robert S. Coolbaugh, appeals from the judgment of sentence of 21 – 54 months' imprisonment.  After careful review, we affirm.

Appellant proceeded to a jury trial on January 8, 2014.  The facts adduced at trial were as follows:

> When Appellant, who was paroled to a halfway house, failed to return to the halfway house, Cory Bish, a parole agent for the Pennsylvania Board of Probation and Parole, caused a detainer to be issued against Appellant on May 20, 2013.  On July 23, 2013, Trooper Brett Massafra of the Pennsylvania State Police was dispatched to investigate a disturbance.  Arriving at the residence, the Trooper saw Appellant, who was unknown to him at that time, and a female yelling at each other.  The female, Theresa Morrow, asked the Trooper to remove Appellant from the residence.  However, when the Trooper entered the residence, he found that Appellant had departed the residence,

---

[*] Retired Senior Judge assigned to the Superior Court.

apparently through a rear door. He then checked Appellant's information on the NCIC Clean Database and found that Appellant was a wanted person.

After learning that Appellant was wanted, Trooper Massafra, together with other troopers, began a search to apprehend him. Upon information received, Massafra and Trooper Nicholson proceeded to, and entered, a residence located at 3 Phillips Manor where they took Appellant into custody.

Daisy Garletts, who was born on July 22, 1999, testified that on the night in question she was at her home located at 3 Phillips Manor Road with her sixteen year old sister. At about 9:30, Appellant ran into the home and told her not to tell anyone he was there and that he had to hide, and then ran to a back bedroom. He specifically told her not to tell her mom, her father, or the "cops." However, Daisy called her mom, who returned home and told Appellant he had to leave, at which time the Troopers entered and apprehended him.

Trial Court Opinion (TCO), 3/3/14, at 2 - 3. At the conclusion of Appellant's trial, the jury found him guilty of flight to avoid apprehension and corruption of minors. On February 7, 2014, Appellant was sentenced to an aggregate term of 21 – 54 months' imprisonment. He filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P 1925(b).

Appellant now presents the following questions for our review:

1. Did the trial court err in denying [Appellant's] motion for mistrial based on the prosecutor's comments in his opening statement which undermined [Appellant's] constitutional right against self-incrimination?

2. Did the trial court err in denying [Appellant's] motion for mistrial as a result of the Commonwealth's introduction of evidence that [Appellant] had multiple prior criminal convictions?

3. Did the trial court err in denying [Appellant's] motion for judgment of acquittal regarding count three, corruption of minors?

4. Did the trial court err in allowing the Commonwealth to reopen their case-in-chief after the Commonwealth rested?

Appellant's brief at 4 (unnecessary capitalization omitted).

Appellant first argues that counsel for the Commonwealth improperly commented on Appellant's decision not to testify in his opening statement. Specifically, Appellant points to the following portions of the Commonwealth's opening statement:

You will hear our witnesses... our witnesses will testify and be cross examined and then we'll rest and the defense can put on whatever evidence they feel is appropriate….

You will hear testimony from the state parole agent, Cory Bish; testimony from Trooper Massafra; testimony from the Spikers and from Daisy Garletts. As I said, at the conclusion of that, you will hear whatever witnesses the defense feels are appropriate and then it will be your job to take the testimony you have heard[….]

Appellant's brief at 9 (citations to the record omitted). Appellant's counsel objected to these statements at trial, and moved for a mistrial. The trial court denied this motion.

Our standard of review with regard to denial of motion for mistrial is as follows:

A motion for a mistrial is within the discretion of the trial court. A mistrial upon motion of one of the parties is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a

mistrial. On appeal, our standard of review is whether the trial court abused that discretion.

***Commonwealth v. Akbar***, 91 A.3d 227, 236 (Pa. Super. 2014).

This Court has long recognized that "a prosecutor may not comment adversely on a defendant's refusal to testify with respect to the charges against him since such commentary would compromise the defendant's privilege against self-incrimination and the defendant's constitutional presumption of innocence." ***Commonwealth v. Randall***, 758 A.2d 669, 681 (Pa. Super. 2000). However, our review of the record in the instant case does not show that the Commonwealth commented on Appellant's refusal to testify. Counsel for the Commonwealth generally outlined the sequence of trial in his opening statement, noting that following the conclusion of the Commonwealth's evidence, the defense "can" introduce "whatever witnesses the defense feels are appropriate." N.T., 1/8/14, at 25, 27. The opening statement did not reference Appellant as a possible witness, and did not undermine Appellant's presumption of innocence. Accordingly, we conclude this claim is without merit.

Appellant's second argument is that the trial court erred in admitting evidence regarding Appellant's prior criminal convictions. However, Appellant concedes, "In the instant case, the Commonwealth was required to

prove that [Appellant] had an underlying felony charge – a distinct element in the charge of flight to avoid apprehension."[1]  Appellant's brief at 12.

As the trial court stated, "[s]ince the Commonwealth bears this burden, absent a stipulation, it must prove, in this matter, that Appellant had been convicted of a felony, and it can only do so by tendering evidence of that conviction."  TCO at 5.  Appellant did not stipulate to such a fact; as such, the Commonwealth introduced the testimony of a probation officer who testified that Appellant was convicted on March 4, 2009, for the felony of possession with intent to deliver 13.1 grams of cocaine, he was sentenced thereafter to 3 to 6 years' incarceration, and his sentence was imposed to run consecutive to another sentence.  N.T., 1/9/14, at 78.  As a result of this testimony, the trial court issued a cautionary instruction:

> Ladies and gentlemen of the jury, the testimony that you are now hearing with regard to any offenses that the defendant may have committed in the past are not relevant to this case except for one purpose.  You are not to consider that he may have been convicted of another crime when you consider guilt or innocence of him in this case.  This evidence is offered because one of the

_____

[1] The crime of flight to avoid apprehension, trial or punishment is defined at 18 Pa.C.S. § 5126(a):

> A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

charges, the flight to avoid apprehension, involves whether or not he was on supervision at that time because of the other cases. You are to consider testimony of prior offenses solely as to that issue when you decide his guilt or innocence as to count one flight to avoid apprehension.

N.T., 1/9/14, at 78. As such, we conclude the trial court did not abuse its discretion in denying Appellant's motion for mistrial on the basis of this testimony.

Appellant next argues that the evidence fails to establish that his actions "did not corrupt nor tend to corrupt the morals of any minor." Appellant's brief at 14. The crime of corruption of minors is defined at 18 Pa.C.S. § 6301(a)(1):

Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

This Court has held that "actions that tend to corrupt the morals of a minor are those that 'would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain.'" *Commonwealth v. Snyder*, 870 A.2d 336, 351 (Pa. Super. 2005) (citing *Commonwealth v. DeWalt*, 752 A.2d 915 (Pa. Super. 2000)). Further, our standard of review for sufficiency of the evidence claims is well settled:

[]In reviewing the sufficiency of the evidence, we view all the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable [the factfinder] to find every element of the crime beyond a reasonable

doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on []more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty.[]

Moreover, when reviewing the sufficiency of the evidence, this Court may not substitute its judgment for that of the fact-finder; if the record contains support for the convictions they may not be disturbed.

***Commonwealth v. McFadden***, 850 A.2d 1290, 1292 – 1293 (Pa. Super. 2004) (internal citations omitted).

In the instant case, the victim testified that Appellant, who was her neighbor, entered her home and instructed her not to tell anyone he was there, "because he needed to hide," and specifically noted he was trying to hide because the police "were looking for him." N.T., 1/8/14, at 59, 52. The trial court noted that "Appellant, being over the age of 18, enticed and encouraged a child of 14 years of age to lie by omission." TCO at 6. The court reasoned that "[s]uch acts clearly would corrupt, or tend to corrupt, the morals of a minor." ***Id.*** Furthermore, Appellant did not merely ask the victim to lie. Rather, he made it abundantly clear to the victim that he was fleeing law enforcement to avoid apprehension, and sought her complicity in that act. As such, we conclude the record was sufficient to sustain Appellant's conviction for corruption of minors.

Finally, Appellant claims that the trial court abused its discretion in permitting the Commonwealth to reopen its case-in-chief after it had rested. The Commonwealth rested at the end of the day on January 8, 2014.

Counsel for Appellant informed the court that the defense was not ready to proceed, and the trial was continued until the following day.

The next morning, Appellant's counsel moved for judgment of acquittal with regard to the crime of flight to avoid apprehension, because, *inter alia*, the Commonwealth had failed to introduce evidence to establish that Appellant had previously been convicted of a felony. At that time, counsel for the Commonwealth moved to reopen its case-in-chief, so that it could submit the testimony of a witness regarding Appellant's criminal history. The trial court permitted the Commonwealth to reopen its case-in-chief and reserved its ruling until the Commonwealth had finally rested. Immediately thereafter, the Commonwealth introduced the testimony of a probation officer regarding Appellant's prior criminal history. Subsequently, the court denied Appellant's motion for judgment of acquittal.

The Pennsylvania Supreme Court has held that "a trial court has the discretion to reopen a case for either side, prior to the entry of final judgment, in order to prevent a failure or miscarriage of justice." **Commonwealth v. Tharp**, 575 A.2d 557, 558 – 559 (Pa. 1990). The **Tharp** Court explicitly stated that it was a proper exercise of a trial court's discretion "to permit the Commonwealth to reopen its case for the purpose of meeting a demurrer [*i.e.*, motion for judgment of acquittal,] interposed by

the defense prior to its ruling upon that motion."[2]  *Id.* at 559.  Accordingly, we conclude the trial court did not abuse its discretion in the instant case when it permitted the Commonwealth to reopen its case-in-chief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2014

---

[2] The defense had not yet called any witnesses when the Commonwealth sought to reopen its case both in *Tharp* and in the instant case.