397 A.2d 1186

COMMONWEALTH of Pennsylvania, Appellant,

v.

Albert FRAL.

Supreme Court of Pennsylvania.

Argued April 13, 1978.

Decided Jan. 24, 1979.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Paul S. Diamond, Asst. Dist. Atty., Philadelphia, for appellant.

Defender Assn. of Philadelphia, John W. Packel, John Myers, Philadelphia, for appellee.

Before EAGEN, C. J., and ROBERTS, NIX and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM.

Albert Fral was convicted by a judge sitting without a jury of theft by deception and forgery and on August 20, 1974, was sentenced to two concurrent three-year terms of probation conditioned upon the payment of restitution in the amount of $3,000. After investigation and a report by the probation department a payment schedule of $35 per week was established. Fral objected to neither the terms of the order of restitution nor the court's power to make such an order.

Subsequently, at a violation-of-probation hearing Fral for the first time asked that the order of restitution be vacated on the ground that the court lacked the authority to order restitution as a condition of probation. The judge denied Fral's motion on the ground that it had not been timely raised. The judge also found that Fral had violated the terms of his probation; he therefore revoked the original order and imposed a new six-year term of probation conditioned on the payment of restitution in the amount of $30 per month. Fral appealed to the Superior Court, which reversed and remanded for the imposition of a legal sentence. *Commonwealth v. Fral,* 248 Pa.Super. 560, 375 A.2d 383 (1977). We allowed this appeal by the Commonwealth.

Our disposition of this appeal is governed by our decision in *Commonwealth v. Walton,* 483 Pa. 588, 397 A.2d 1179 (1979), filed this day. Accordingly, the order of the Superior Court is reversed and the order of the trial court is reinstated.

MANDERINO, J., did not participate in the consideration or decision of this case.

O'BRIEN, J., and POMEROY, former J., did not participate in the decision of this case.