463 A.2d 1167

COMMONWEALTH of Pennsylvania

v.

**Marvin MATHIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1980.

Filed July 29, 1983.

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This case has a fairly long history. Appellant, tried along with three others before a jury, was convicted on November 22, 1976 of theft and criminal conspiracy; he was acquitted of burglary. Following denial of post-trial motions, appellant was sentenced by Judge McDermott to maximum terms of imprisonment, 2½ to 5 years on both the theft and the conspiracy convictions, sentences to run consecutively. Appellant filed an appeal to our Court, at No. 1283 October Term, 1977, which was argued before the whole court. *Commonwealth v. Mathis*, 269 Pa.Superior Ct. 61, 409 A.2d 63 (1979).

Judge Price, writing for the majority, dismissed appellant's allegations of trial error as being without merit. Nevertheless, he sustained a final contention that "the court below committed error by imposing the maximum prison sentence solely on the basis of the criminal act without any consideration of appellant's character or any inquiry into possible mitigating circumstances." The case was remanded to the lower court for resentencing. Judge Price's opinion cites *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) and *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976), as well as Pennsylvania R.Crim.P. 1403(A)(2).

On November 13, 1979, Judge McDermott held a sentencing hearing after which he reimposed sentences of 2½ to 5 years in each case, to run consecutively, as he had before.[1] From the new sentence, appellant has again appealed, raising three contentions.

■■■■ The third contention is that the trial judge committed certain trial errors. Any such alleged errors have either been resolved against appellant in his first appeal before this court, or have been waived by his failure to present them in his first appeal. See *Commonwealth v. McCabe*, 242 Pa.Superior Ct. 413, 364 A.2d 338 (1976).

1. As of the time of the hearing appellant had already served three (3) years and two (2) months of the total sentence of five (5) to ten (10) years.

Appellant's remaining contentions pertain to the sentences imposed. He first argues that the court erred in sentencing on the charge of theft as if it were a first degree misdemeanor; appellate counsel argues that the Commonwealth failed to prove the value of the goods taken.[2] Although Mathis failed to raise this issue in his first appeal, we may nonetheless consider it at this time because illegality of sentence is not a waivable issue. *Commonwealth v. Welch,* 291 Pa.Superior Ct. 1, 435 A.2d 189 (1981); *Commonwealth v. Fral,* 248 Pa.Superior Ct. 560, 375 A.2d 383 (1977), *rev'd on other grounds,* 483 Pa. 602, 397 A.2d 1186 (1979).

The Commonwealth, as well as the appellant, calls our attention to the disposition of the co-defendants' separate appeals. In both *Commonwealth v. Howzell,* 257 Pa.Superior Ct. 607, 390 A.2d 292 (1978) (allocatur denied 3/22/79); and *Commonwealth v. Wilson,* 257 Pa.Superior Ct. 621, 390 A.2d 300 (1978), the judgments of sentences were affirmed by per curiam order (memorandum opinions were *not* filed). Similarly, in *Commonwealth v. White,* 272 Pa.Superior Ct. 620, 422 A.2d 698 (1979) (allocatur denied 1/3/80), this court affirmed per curiam (memorandum opinion relying as to this issue, on *Howzell* and *Wilson*).

In *Howzell,* the claim was that the prosecution had failed to present evidence of value; and such determination of value was for the jury. *Wilson,* alleged that a stipulation as to value was improper and, but for such, the crime arose no higher than a third degree misdemeanor. Defendant White argued that the Commonwealth failed to show value in excess of $200 and to allow it to reopen its case to do so was improper. Therefore, he contended that it was improper to impose a sentence for a second degree misdemeanor of 2½ to 5 years.[3]

---

**2.** The items taken comprised practically the entire contents of the apartment, including among other items, a mink jacket, two television sets, a stereo set and clothing.

**3.** White mistakenly linked the punishment for a first degree misdemeanor to a second degree misdemeanor. Value in excess of $200 would support first degree misdemeanor. See discussion within.

To fully appreciate the perplexing situation that we are currently faced with, we must review various sections of the Crimes Code, 18 Pa.C.S. § 101 et seq. and follow the procession of this case, as well as those of the co-defendants, through the courts.

The grading of theft offenses is set forth in 18 Pa.C.S. § 3903 as follows.

(a) Felony of the third degree.—Theft constitutes a felony of the third degree if the amount involved exceeds $2,000, or if the property stolen is a firearm, automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.

(b) Other grades. Theft not within subsection (a) of this section, constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:

(1) the amount involved was fifty dollars ($50) or more but less than two hundred dollars ($200) the offense constitutes a misdemeanor of the second degree; or

(2) the amount involved was less than fifty dollars ($50) the offense constitutes a misdemeanor of the third degree.

As amended 1974, June 17, P.L. 356, No. 118 § 1.

The Crimes Code provides at 18 Pa.C.S. § 1104:

A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than:

(1) Five years in the case of a misdemeanor of the first degree.

(2) Two years in the case of a misdemeanor of the second degree.

(3) One year in the case of a misdemeanor of the third degree.

1972, Dec. 6, P.L. 1482, No. 344, § 1, eff. June 6, 1973. and at 18 Pa.C.S. § 1103:

A person who has been convicted of a felony may be sentenced to imprisonment as follows:

(1) In the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years.

(2) In the case of a felony of the second degree, for a term which shall be fixed by the court at not more than ten years.

(3) In the case of a felony of the third degree, for a term which shall be fixed by the court at not more than seven years.

1972, Dec. 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973.

The present case is unusual. After the Commonwealth rested its case; appellant and his co-defendants demurred arguing that the Commonwealth had failed to establish the value of the items. The defendants argued that a demurrer should be sustained as to any charge of theft rising higher than a misdemeanor of the third degree. The court indicated that it would permit the prosecution to reopen its case, at which time defense counsels voiced their objections. Defense counsels stipulated preserving their objection, that the victim would testify that the items were worth more than fifty dollars.[4] (N.T. Trial Vol. 3, pp. 70–72). At the initial sentencing appellant was sentenced for theft, a misdemeanor of the first degree, counsel objected; the court advised appellant to raise the issue in a petition for reconsideration. In a hearing on the petition for reconsideration the court permitted the Commonwealth over objection to introduce testimony that the items stolen had a value of $2700. The court reimposed its original sentence.

All parties appear to agree that valuation does not go to the guilt or innocence of a theft defendant, but must be established for sentencing purposes. Otherwise, the value

4. The stipulation did not set any upper limit to the value of the property taken.

shall be deemed to be less than fifty dollars.[5]  *Commonwealth v. Stauffer*, 239 Pa.Superior Ct. 463, 361 A.2d 383 (1976);  *Commonwealth v. Seymour*, 237 Pa.Superior Ct. 17, 346 A.2d 569 (1975);  *Commonwealth v. McKennion*, 235 Pa.Superior Ct. 160, 340 A.2d 889 (1975).

To resolve this appeal, this court must answer two questions.  First, may a trial judge permit the Commonwealth to reopen its case after a defendant has demurred to the prosecution's failure to show value.  Second, if we should answer the prior question in the affirmative, is the Commonwealth, after stipulating to a value, estopped from later proving value greater than that which is stipulated to.  In the circumstances of this case the power of the trial court to allow the Commonwealth to reopen its case is inextricably interwoven with the stipulation.  The court's advisement that it would allow the prosecution to reopen its case precipitated the stipulation.  This court was faced with various aspects of this situation in the previous appeals taken by the co-defendants, however, no statement was provided demonstrating this court's reasoning.  We decide to provide such here.

"It is within the discretion of the trial judge to permit either side to reopen its case to present additional evidence. *Commonwealth v. Deitch Co.*, 449 Pa. 88, 100–01, 295 A.2d 834 (1972).  The trial court has the discretion to reopen a case prior to submission to a jury to prevent a failure or a miscarriage of justice.  *Commonwealth v. Burton*, 164 Pa.Superior Ct. 158, 63 A.2d 508 (1949)."  *Commonwealth v. Ridgely*, 243 Pa.Superior Ct. 397, 365 A.2d 1283 (1976).  In *Burton*, the trial court permitted the Commonwealth to reopen its case after the defense had interposed a demurrer.

5.  18 Pa.C.S. § 3903(c)(3):
   When the value of property cannot be satisfactorily ascertained pursuant to the standards set forth in paragraphs (1) and (2) of subsection (c) its value shall be deemed to be an amount less than fifty dollars ($50).  Amounts involved in thefts committed to one scheme or course of conduct, whether from the same person or several persons, may be aggregated in determining the grade of the offense.
   As amended 1974, June 17, P.L. 356, No. 118, § 1, imd. effective.

After hearing the additional testimony the court overruled the demurrer. This court found the matter was within the discretion of the court. In *Ridgely*, the defense moved to strike the testimony of the main prosecution witness, when she failed to appear for cross-examination. The court granted the motion to strike and determined the defendant was not guilty on the first count. Prior to the court's rendering its verdict on a second count, the absent witness appeared in court and the Commonwealth was permitted to reopen its case as to the second count. This court found such reopening was within the discretion of the court.

■ We find in the present case, that the lower court did not abuse its discretion in advising appellant and his co-defendants that the court would allow the prosecution to reopen its case to show value.

As to the stipulation, "[i]t is axiomatic that parties may bind themselves by stipulations so long as they do not affect the jurisdiction of the court, and provided that the stipulations are not in contravention of peremptory statutory requirements." *Marmara v. Rawle*, 264 Pa.Superior Ct. 229, 235, 399 A.2d 750, 754 (1979). Stipulations have also been accepted in the context of criminal proceedings. See *Commonwealth v. Tate*, 487 Pa. 556, 410 A.2d 751 (1980); accord, *Commonwealth v. Evans*, 465 Pa. 12, 348 A.2d 92 (1975). *Tate* is of special interest to this appeal, as the Commonwealth there certified that the case rose no higher than second degree murder. While *Tate* did not deal directly with the current issue, the Supreme Court did implicitly acknowledge that the Commonwealth could by stipulation, limit offenses to a certain degree.

■ In this case, the Commonwealth with the participation of the trial court, accepted the defense stipulation that the value was in excess of $50. Such was binding upon the parties and the court. This holding is consistent with the affirmances in *Howzell*, *White*, and *Wilson*, supra. However, we are required to go a step further. By so accepting the stipulation, both the trial court and the prosecution

tacitly agreed that the theft did not rise beyond a second degree misdemeanor, carrying a maximum jail term of two years. 18 Pa.C.S. §§ 1104(2), 3903(b)(1). Appellant was sentenced to maximum terms of five years as if convicted of theft of property exceeding $200 in value. 18 Pa.C.S. §§ 1104(1), 3903(b). *This discrepancy was not brought to this court's attention in the appeals of Howzell and Wilson.*

Co-defendant White's sentencing claim was resolved on the basis of *Howzell* and *Wilson.* Yet, White did allege, though not very articulately (see footnote 3, supra), a sentencing claim analogous to the one at hand. However, such claim was not considered by this court, possibly due to its mis-statement, as White's conviction was affirmed based on *Howzell* and *White,* which were not concerned with the current specific claim. Hence, we find *the prior appeals do not control the result here.*

Therefore, we must agree with appellant that he was improperly sentenced to a term of two and one half (2½) to five (5) years on the theft count.

Under 18 Pa.C.S. § 905,[6] criminal conspiracy is at the same degree of offense as the object of the conspiracy. *Commonwealth v. Marshall,* 254 Pa.Superior Ct. 275, 385 A.2d 1017 (1978). In this current appeal, conspiracy also may not rise above a second degree misdemeanor, punishable by a term of imprisonment no greater than two years.

Since the appellant here has already served more than the four years [7] (two consecutive terms of two years)

6. § 905. Grading of criminal attempt, solicitation and conspiracy
    (a) Grading.—Except as otherwise provided in this section, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy. An attempt, solicitation or conspiracy to commit murder or a felony of the first degree is a felony of the second degree.
    As amended 1974, March 26, P.L. 213, No. 46, § 1, imd. effective.

7. We have been advised by appellate counsel that appellant was paroled in January 1982. As appellant is still suffering the consequences of this improper sentence, we do not find that this appeal is

maximum authorized by the Crimes Code, we vacate those parts of the sentences at Nos. 964 and 965 September Sessions 1976 which exceed two years consecutively at each said term and Number and the appellant is discharged from said sentences at said 964 and 965 September Sessions 1976.[8]

moot. His claim that the sentence imposed at resentencing was unreasonable and excessive is moot due to our resolution here.

8. We must remind the bar that unpublished opinions of this court may not be cited as precedent. See NOTICE TO THE BAR, 281 Pa.Superior Ct. 627 (1980). We have found it necessary to refer to the co-defendants' per curiam affirmances in order to avoid appearing to be in conflict with our prior holdings. See *Commonwealth v. Barnes,* 307 Pa.Superior Ct. 143, 452 A.2d 1355 (1982).