J-S69041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRELL COSTNER | |
| Appellant | No. 907 EDA 2014 |

Appeal from the Judgment of Sentence October 23, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0014032-2007

BEFORE:  GANTMAN, P.J. , FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 22, 2015**

Appellant Terrell Costner appeals from the Court of Common Pleas of Philadelphia County's (trial court) October 23, 2014, judgment of sentence imposed following a remand for resentencing.  Appellant's counsel has filed a petition to withdraw, alleging that this appeal is wholly frivolous, and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Also, contemporaneously with the ***Anders*** petition, Appellant's counsel filed a self-styled "Motion to [sic] For New Trial/ Remand to Trial Court for New Trial or Alternatively, for an Evidentiary Hearing on a Newly-Evidence [sic] Claim" (Application for Remand).  For the reasons set forth below, we affirm the judgment of sentence, grant the petition to withdraw, and deny the Application for Remand.

The facts underlying this appeal are undisputed. As recently summarized by a prior panel of this Court in Appellant's co-defendant's appeal:

> The victim, Domenico Fagnani, and his wife owned a small grocery store in the city of Philadelphia. On the evening of April 1, 2005, the victim was unloading boxes from his vehicle in front of the grocery [store] when he was approached by three young men. The young men, later identified as [Appellant and his friends, Tommy Carter] and James Shepard, had spent the evening playing basketball and smoking marijuana at a neighborhood playground. The young men spotted Mr. Fagnani on their walk home. [Appellant] and [Carter] told Shepard that Mr. Fagnani owned the grocery store and that they were "going to get [ ] money from the guy." N.T. Trial, 3/29/12, at 55, 63. [Appellant] said it would be "easy money" and that the trio should "strong-arm him." *Id*., at 63.
>
> Carter gestured to the other two young men in a manner that Shepard took to signal, "all right. Come on." *Id*., at 67. The three then surrounded Mr. Fagnani. Realizing what was about to unfold, Mr. Fagnani grabbed Shepard by the neck in an attempt to thwart the robbery. As Carter began to flee the scene, [Appellant] pulled out a .38 caliber revolver and shot Mr. Fagnani in the chest. *See id*., at 44-52, 55, 63, and 67. The young men all fled the scene, leaving Mr. Fagnani laying [in] the street. Police responded to a radio report of a shooting and transported Mr. Fagnani to the Hospital of the University of Pennsylvania. The bullet traveled through Mr. Fagnani's thyroid gland and cervical spine before exiting his back. The shooting rendered Mr. Fagnani paralyzed and comatose for two months. He then spent another 4½ months in the hospital before succumbing to complications from the gunshot wound on October 18, 2005.
>
> The investigation of Mr. Fagnani's death led police to Shepard who was arrested in December 2006 for an unrelated robbery. Detectives questioned Shepard regarding the robbery and shooting of Mr. Fagnani. Shepard confessed to his participation and named his two conspirators. Shepard entered into an agreement with the Commonwealth the terms of which provided that he would plead guilty to the crimes of robbery and conspiracy to commit robbery and would testified [sic] truthfully at trial if required. [Appellant] and Carter were subsequently arrested in August 2007.

***Commonwealth v. Carter***, No. 1555 EDA 2013, unpublished memorandum at 1-2 (Pa. Super. filed July 22, 2014). Following a joint jury trial, Appellant

and his co-defendant Tommy Carter were convicted of, *inter alia*, second-degree murder[1] and sentenced to a period of life imprisonment without the possibility of parole. Appellant thereafter appealed to this Court, arguing only that his mandatory sentence of life imprisonment without the possibility of parole was unconstitutional because, at the time he shot and killed Mr. Fagnani, Appellant was a juvenile. Relying on **Miller v. Alabama**, 132 S. Ct. 2455 (2012),[2] a panel of this Court vacated Appellant's judgment of sentence and remanded the case to the trial court for resentencing. **See Commonwealth v. Costner**, 81 A.3d 988 (Pa. Super. 2013) (unpublished memorandum).

On October 23, 2013, the trial court on remand resentenced Appellant to thirty years to life imprisonment for second-degree murder. Appellant filed a timely post-sentence motion on October 31, 2013. In his post-sentence motion, Appellant argued that the verdict was against the weight of the evidence, and challenged the testimony of James Shepard and the jury's credibility and weight determinations. On March 4, 2014, Appellant's post-sentence motion was deemed denied by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(a) ("If the judge fails to decide the [post-sentence] motion within

---

[1] 18 Pa.C.S.A. § 2502(b).

[2] The Court in **Miller** held that "*[m]andatory life* without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller**, 132 S. Ct. at 2460 (emphasis added).

120 days . . . the motion shall be deemed denied by operation of law."). Appellant filed a timely notice of appeal on March 17, 2014.

On April 9, 2014, instead of filing a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant's counsel filed a statement of intent to file an *Anders* brief under Pa.R.A.P. 1925(c)(4).[3] Appellant's counsel noted Appellant intended to raise issues on appeal that were frivolous and waived. Specifically, in explaining why Appellant's intended issues for appeal were waived, counsel observed:

> Because [A]ppellant already litigated a direct appeal and the instant appeal was filed following a remand and re-sentencing, [Appellant] cannot raise on appeal issues challenging the validity of [the jury] verdict; he is limited to issues arising out of the re-imposition of sentence.

Rule 1925(c)(4) Statement, 4/9/14, at 1 n.1. On May 30, 2014, the trial court issued a two-page Pa.R.A.P. 1925(a) opinion, recounting the procedural history of the proceedings.

_____

[3] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [*Anders*] brief in lieu of filing a Statement. If, upon review of the [*Anders*] brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

On June 24, 2014, Appellant's counsel filed in this Court a motion to withdraw as counsel and filed an ***Anders*** brief, wherein counsel raises four issues for our review:

[1.] Did the delay in bringing [A]ppellant to trial violate his constitutional right to a speedy trial?

[2.] Were the verdicts against the weight of the evidence because they were predicated on the uncorroborated testimony of an admitted accomplice?

[3.] Did the trial court commit an abuse of discretion by prohibiting the cross-examination of Mr. Shepard with the contents of a letter purportedly written by Mr. Shepard?

[4.] Was the sentence imposed on [A]ppellant on the murder charge constitute [sic] an abuse of discretion because it was excessive under the circumstances and the trial court failed to consider the factors set forth in [***Miller***] such as [A]ppellant's age, life circumstances, educational opportunities, etc.?

***Anders***/***Santiago*** Brief at 12-13 (footnote omitted). Along with the ***Anders*** petition, Appellant's counsel also filed the Application for Remand in which he alleges:

Recently, [A]ppellant learned that the Commonwealth's only witness, James Shepard, who implicated [A]ppellant in the crimes herein and was an accomplice in their commission, has written letters wherein he implied that he lied to police and at [A]ppellant's trial about [A]ppellant's involvement in the crime herein to curry favor with the prosecution regarding his own criminal cases and because [A]ppellant was not a member of his group.

Application for Remand, 6/24/14, ¶ 5. We begin our discussion with the ***Anders*** petition.

When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal,

counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his **Anders** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case

law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of **Santiago**. We, therefore, conclude that counsel has satisfied the minimum requirements of **Anders**/**Santiago**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Preliminarily, we are compelled to agree with Appellant's counsel that Appellant's first three issues are waived, because Appellant failed to raise them in his initial direct appeal.[4] As we noted earlier, Appellant already has had the benefit of a direct appeal, where he challenged only his mandatory life sentence without the possibility of parole under **Miller**. Appellant was successful with respect to that direct appeal, resulting in this Court remanding the case to the trial court for resentencing. Now, on appeal following remand, "the only issues reviewable . . . would be challenges to

_____

[4] To reiterate, Appellant asserts a violation of his constitutional right to speedy trial, claims the verdict was against the weight of the evidence, and argues the trial court abused its discretion by precluding the cross-examination of James Shepard (unclear by whom) about the contents of a letter allegedly written by Shepard.

the sentence imposed." ***Commonwealth v. Anderson***, 801 A.2d 1264, 1266 (Pa. Super. 2002) (citation omitted); ***see Commonweatlh v. Lawson***, 789 A.2d 252, 253-54 (Pa. Super. 2001) (explaining when a case is remanded to resolve a limited issue, only matters relating to the issue on remand may be appealed). Put differently, Appellant is prohibited from "fil[ing] another direct appeal attacking his conviction[,]" ***id.***, which is exactly what Appellant seeks to do here by asserting his first three arguments. When an appellant seeks to raise claims of error on appeal following a remand for resentencing, "[a]ny such alleged errors have . . . been waived by his failure to present them in his first appeal." ***Commonwealth v. Mathis***, 463 A.2d 1167, 1169 (Pa. Super. 1983). Accordingly, Appellant has waived his first three assertions of error challenging his conviction because he did not raise them in his direct appeal and his appeal following remand is limited to the issue of sentencing.

In his last assertion of error, Appellant argues the trial court abused its discretion in sentencing him to thirty years to life imprisonment for second-degree murder, because the sentence imposed is excessive.

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. ***Commonwealth v.***

**W.H.M.**, 932 A.2d 155, 162 (Pa. Super. 2007).    As we stated in

**Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super.

2006)).   Whether a particular issue constitutes a substantial question about

the appropriateness of sentence is a question to be evaluated on a case-by-

case basis.   **See Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa.

Super. 2001), **appeal denied**, 796 A.2d 979 (Pa. 2002).

Here, our review of the record reveals that Appellant failed to satisfy

the second prong of the **Moury** test—issue preservation at sentencing or in

a motion to reconsider and modify sentence.   Specifically, there is no

indication in the record that Appellant either challenged the discretionary

aspects of his sentence at resentencing or in a post-sentence motion.   **See**

**Commonwealth v. Dodge**, 77 A.3d 1263, 1268-69 (Pa. Super. 2013)

(noting Appellant who challenged the discretionary aspects of his re-

sentence properly preserved the challenge by the filing of post-sentence

motion).   Accordingly, we conclude Appellant has waived his last argument

challenging the discretionary aspects of his sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005) (noting "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

We have conducted an independent review of the record and addressed Appellant's arguments challenging his conviction and sentence following a remand. Based on our conclusions above, we agree with counsel that the issues Appellant seeks to litigate in this appeal are wholly frivolous. Also, we do not discern any non-frivolous issues that Appellant could have raised. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

We finally turn to the Application for Remand filed by Appellant's counsel, which is predicated on after-discovered evidence under Pa.R.Crim.P. 720(C). In the Application, Appellant alleges he "recently" discovered Shepard "lied to police and at [A]ppellant's trial about [A]ppellant's involvement in the crime herein to curry favor with the prosecution regarding his own criminal cases and because [A]ppellant was not a member of his group." Application for Remand, 6/24/14, at ¶ 5. Specifically, Appellant claims the discovery was the result of certain letters written by Shepard, which "recently" were sent to him by an acquaintance. *Id.* at ¶ 6. Appellant further claims the letters facially "undermine[] the

- 10 -

reliability of the verdict, [are] not merely relevant for impeachment purposes, and that had [they] been presented at trial, would have resulted in a different verdict." *Id.* at ¶ 8.

Rule 720, relating to post-sentence procedures and appeal, provides in pertinent part:

> (C) **After-Discovered Evidence.** A post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing *promptly* after such discovery.

Pa.R.Crim.P. 720(C) (emphasis added). The Comment to Rule 720 provides "any claim of after-discovered evidence must be raised *promptly after* its discovery. Accordingly, after-discovered evidence *discovered during the post-sentence stage* must be raised promptly with the trial judge at the post-sentence stage; after-discovered evidence discovered *during the direct appeal process* must be raised promptly during the direct appeal process[.]" *Id.*, cmt. (emphasis added). Here, based on the Application for Remand, it is unclear when Appellant discovered the after-discovered evidence at issue for us to determine whether he raised it promptly. Appellant claims that an acquaintance made him aware of the after-discovered evidence, *i.e.*, the letters written by Shepard, and in support of this claim, Appellant attached to the Application for Remand the acquaintance's letter dated January 1, 2014. The letter enclosed three letters supposedly written by Shepard, dated February 4, 2010, April 12, 2012, and May 17, 2012, respectively. The acquaintance's letter on its face would suggest that Appellant was aware of the after-discovered evidence (Shepard's letters) as early as January 1,

2014, when his post-sentence motion was *still pending in the trial court*. As a result, under Rule 720(C) Appellant would have been required to raise the issue of after-discovered evidence before the trial court. Instead, Appellant raised this issue by filing in this Court the instant Application for Remand on June 24, 2014. Nonetheless, because it is unclear when Appellant actually discovered the after-discovered evidence, we decline to deny the Application for Remand for failure to file it promptly in the trial court and address the merits of his after-discovered evidence claim.

With this background in mind, we now turn to the standards governing after-discovered evidence, which are settled:

> To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. At an evidentiary hearing, an appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted.

***Commonwealth v. Rivera***, 939 A.2d 355, 359 (Pa. Super. 2007) (citation omitted), ***appeal denied***, 958 A.2d 1047 (Pa. 2008). Instantly, we deny Appellant's Application for Remand because he failed to meet at least the second prong of the after-discovered evidence test. In this regard, our review of the trial transcript reveals the after-discovered evidence Appellant seeks to introduce is cumulative and corroborative of the evidence offered at the joint trial, where Shepard was questioned at length about whether

- 12 -

Shepard wrongfully implicated Appellant and his co-defendant in the murder

of Mr. Fagnani.

> [Co-defendant's counsel]: Judge, what I have in my possession, a letter given to me. It purports to be the witness on the stand's writings of S-H-E-P. And the reason I'm introducing it, as I indicated by my questioning, there are these two groups of neighborhoods, 60th and 66th Street. It's my theory of the case, your Honor, that one of the reasons, one of the things the Commonwealth will cite is why would this guy lie about these guys. It's our belief that there is this neighborhood issue between the two neighborhoods.
>
> And in this letter [Shepard] reiterates. He says, "Yo, what's popin cuz you can't stay outta jail 4 nuffin. I'm chillen tryna touch [sumtyme soon] n***** got me fucked up thinkin [I'ma] byte they case. I'm on my tip like if you aren't from my hood, fuck you all."
>
> So, it's my position that this was indicating if you're not from his neighborhood, fuck you all. That he doesn't give a shit what he says or whatever. Because if you ain't from my hood, fuck you. Real talk. That's what he says.
>
> The [trial court]: So what is that? A motive to –
>
> [Co-defendant's counsel]: To fabricate against my client.
>
> The [trial court]: Because your client lives in a different neighborhood?
>
> [Co-defendant's counsel]: Different neighborhood; correct. And a reference to this case.

N.T. Trial, 3/29/12, at 96-97.[5] Appellant's trial counsel also cross-examined

Shepard regarding whether there was a rivalry between Shepard's and

Appellant's neighborhoods and whether Shepard received a special deal from

---

[5] Appellant's counsel confirms this exchange in his **Anders** brief within the context of Appellant's third assertion of error, *i.e.*, whether the trial court abused its discretion in prohibiting the cross-examination of James Shepard about the contents of a letter allegedly written by Shepard. Based on the information provided in the Application for Remand, the letters at issue appear to raise the same allegations that were raised at Appellant's joint trial.

the Commonwealth for Shepard's co-operation in the matter *sub judice*. ***See id.*** at 166-67, 172. Thus, based on our review of the trial transcript and our resulting conclusion that the after-discovered evidence at issue merely is cumulative and corroborative, we deny the Application for Remand.

Judgment of sentence affirmed. Petition to withdraw granted. Application for Remand denied.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2015