J-A20006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEDA JANE MACE | : | |
| | : | |
| Appellant | : | No. 1528 MDA 2016 |

Appeal from the Judgment of Sentence May 31, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001376-2015

BEFORE: GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED SEPTEMBER 08, 2017**

Appellant, Leda Jane Mace, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following her jury trial convictions for possession of a controlled substance, two counts of driving under the influence of a controlled substance ("DUI"), and tampering with physical evidence, and her bench trial conviction for use of multiple-beam road lighting equipment (*see* 35 P.S. 780-113(a)(16); 75 Pa.C.S.A. § 3802(d)(1)(i), (iii); 18 Pa.C.S.A. § 4910(1); 75 Pa.C.S.A. § 4306(a)). On the evening of November 29, 2014, Trooper Robert Colton observed a car driving with high beams activated against oncoming traffic. The trooper conducted a traffic stop and immediately detected a strong odor of burnt marijuana coming from the vehicle. Based on the smell of marijuana, Trooper Colton asked Appellant, the driver of the vehicle, to step out of the

car and to perform sobriety tests. Trooper Colton administered the HGN test, which showed signs of Appellant's impairment. Trooper Colton also smelled a strong odor of marijuana on Appellant's breath and observed a green leafy substance stuck to her tongue. The trooper conducted a search incident to arrest and recovered three Hydrocodone pills. The trooper transported Appellant to the York County Judicial Center for a blood draw. Prior to the blood draw, the trooper read Appellant the "DL-26" chemical test warning form (implied consent laws) in its entirety. Appellant submitted to a blood draw, which showed active and inactive marijuana metabolites.

On March 18, 2016, a jury convicted Appellant of possession of a controlled substance, two counts of DUI, and tampering with physical evidence. The court convicted Appellant of a summary traffic offense. The court sentenced Appellant on May 31, 2016, to an aggregate term of five years and six months of intermediate punishment and a concurrent 12 months' probation. Appellant timely filed a post-sentence motion on June 9, 2016. Appellant also requested time to file supplemental post-sentence motions after receipt of the transcripts, which the court granted. Appellant timely filed her supplemental post-sentence motion on June 22, 2016. On July 8, 2016, Appellant moved to file new post-sentence motions *nunc pro tunc*, challenging the validity of her consent to submit to the blood draw, under the U.S. Supreme Court's recent decision in ***Birchfield v. North Dakota***, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016) (holding

Fourth Amendment does not permit warrantless blood tests incident to arrests for DUI; motorists cannot be deemed to have consented to blood test when faced with criminal penalties for refusing blood test). The court denied Appellant's request to file new post-sentence motions *nunc pro tunc*; on September 1, 2016, the court denied Appellant's existing post-sentence and supplemental post-sentence motions. Appellant timely appealed on September 15, 2016. On October 11, 2016, Appellant timely filed a court-ordered concise statement per Pa.R.A.P. 1925(b).

On appeal, Appellant challenges the denial of her request to file new post-sentence motions *nunc pro tunc* as well as the sufficiency and weight of the evidence regarding her tampering with physical evidence conviction. Initially, we would be inclined to remand for the trial court to determine if Appellant's consent to the blood draw was voluntary under the totality of the circumstances. ***See, e.g., Commonwealth v. Evans***, 153 A.3d 323 (Pa.Super. 2016) (vacating appellant's DUI sentence in light of ***Birchfield*** and remanding for evaluation of appellant's consent to blood draw based on totality of circumstances). Nevertheless, the parties in this case have stipulated at oral argument to the reversal of Appellant's convictions for both counts of DUI, in light of ***Birchfield***, and the affirmance of Appellant's conviction for tampering with physical evidence. ***See Commonwealth v. Rizzuto***, 566 Pa. 40, 73, 777 A.2d 1069, 1088 (2001) (stating: "Parties may by stipulation resolve questions of fact or limit the issues, and, if the

stipulations do not affect the jurisdiction of the court or the due order of the business and convenience of the court they become the law of the case"); **Commonwealth v. Mathis**, 463 A.2d 1167 (Pa.Super. 1983) (supporting stipulations in criminal cases). Consistent with the parties' stipulations, we affirm Appellant's conviction for tampering with physical evidence and reverse her DUI convictions. Accordingly, we vacate the judgment of sentence and remand for resentencing.[1]

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2017

---

[1] **See generally Commonwealth v. Bartrug**, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (holding sentencing error in multi-count case requires appellate court to vacate entire judgment of sentence so trial court can restructure sentencing scheme).