J-A17041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| QURAN HERRINGTON, | |
| Appellant | No. 2172 EDA 2016 |

Appeal from the Order June 9, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0004001-2012

BEFORE: GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 11, 2017**

Appellant, Quran Herrington, appeals from the trial court's order denying his petition seeking specific performance of his plea agreement and resentencing. We quash.

We take the relevant background of this case from this Court's memorandum opinion filed May 23, 2016 on direct appeal, and our independent review of the certified record. On May 21, 2014, Appellant entered a negotiated guilty plea to terroristic threats, simple assault, and contempt for violation of a protection from abuse order.[1] The charges stemmed from allegations of domestic violence upon F.S., the mother of one

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2706(a)(1), 2701(a), and 23 Pa.C.S.A. § 6114(a), respectively.

of his children. On that same date, the trial court sentenced Appellant to a term of not less than eleven and one-half nor more than twenty-three months' incarceration, followed by five years of reporting probation. Appellant received credit for time served, and was granted immediate parole.

Appellant failed to report properly to his probation officers in December of 2014 and January of 2015. On March 8, 2015, police arrested him for possession of a controlled substance, after they confiscated crack cocaine from his person during a traffic stop.

At the May 18, 2015 violation hearing, the trial court revoked Appellant's probation and parole and deferred sentencing pending preparation of a pre-sentence investigation report and mental health evaluation. On July 28, 2015, the court sentenced Appellant to an aggregate term of not less than two nor more than five years' incarceration, followed by two years' probation. Appellant filed a direct appeal, and this Court affirmed the judgment of sentence on May 23, 2016. (*See Commonwealth v. Herrington*, 2016 WL 2981622, at *1 (Pa. Super. filed May 23, 2016) (unpublished memorandum)).[2] Our Supreme Court

---

[2] In that appeal, Appellant raised two issues, challenging the sufficiency of the evidence supporting his revocation and the court's imposition of a sentence of confinement. (*See Herrington*, *supra* at *1-2).

ultimately denied his petition for allowance of appeal on October 25, 2016. (*See Commonwealth v. Herrington*, 160 A.3d 761 (Pa. 2016)).

Despite the pendency of his direct appeal, on June 2, 2016, Appellant filed the underlying "Petition for Specific Performance of Plea Agreement With Regard to Time Credit and for Resentencing," requesting "equitable enforcement of [his] plea agreement with regard to time credit[.]" (Petition, 6/02/16 (Petition), at unnumbered page 1). He asked the trial court to "resentenc[e] [him] to a term of incarceration of 100 days to five years, to be followed by a two-year period of probation." (*Id.* at unnumbered page 5). On June 9, 2016, the court entered an order denying the Petition without a hearing. On June 23, 2016, Appellant filed a motion requesting reconsideration of the court's order and a hearing. On June 28, 2016, the court entered an order denying the motion. On July 11, 2016, Appellant filed a timely notice of appeal[3] from the court's June 9, 2016 order.[4]

> Appellant raises the following issue for our review:
>
> Did not the [trial] court abuse its discretion when it refused to hold a hearing to determine whether the terms of [Appellant's] plea agreement had been breached with regard to time credit, and whether to equitably enforce those terms, where the terms of the plea agreement as to time credit and the existence of those terms were proven by matters not of record?

---

[3] July 9, 2016 was a Saturday and July 11, 2016 was a Monday.

[4] The trial court did not order Appellant to file a concise statement of errors complained of on appeal, nor did it file an opinion. *See* Pa.R.A.P. 1925.

(Appellant's Brief, at 3).

Preliminarily, we must consider the propriety of this appeal. The Commonwealth maintains that the trial court lacked jurisdiction to act on Appellant's Petition because his case continued to be active on appeal. (***See*** Commonwealth's Brief, at 6-7). Upon review, we agree.

Pennsylvania Rule of Appellate Procedure 1701(a)[5] provides, in relevant part: "[A]fter an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a). "Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal . . . the appeal . . . shall operate to prevent the trial court . . . from proceeding further with only such item, claim or assessment . . . ." Pa.R.A.P. 1701(c).

Here, Appellant filed his Petition requesting resentencing while he was seeking an allowance of appeal from our Supreme Court regarding this Court's affirmance of his judgment of sentence. Until that Court decided his petition for allowance of appeal, the trial court lacked jurisdiction to consider the merits of Appellant's Petition. ***See*** Pa.R.A.P. 1701(a); ***see generally***, ***Commonwealth v. Bishop***, 829 A.2d 1170, 1172 (Pa. Super. 2003). Furthermore, because Appellant's direct appeal concerned the propriety of his revocation and sentence, we conclude that this is not a case where only

_____

[5] When interpreting a procedural rule, our standard of review is *de novo* and our scope of review is plenary. ***See Commonwealth v. Noel***, 53 A.3d 848, 851 (Pa. Super. 2012), *aff'd*, 104 A.3d 1156 (Pa. 2014).

a discrete item, claim, or assessment was involved in the appeal. **See** Pa.R.A.P. 1701(c); (**see also Herrington**, **supra** at *1-2). Therefore, we agree with the Commonwealth that the trial court did not have jurisdiction to act in this matter.[6] Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2017

---

[6] Moreover, even if the trial court had jurisdiction to act on the Petition, we would conclude that Appellant waived his sentencing claim by failing to raise it on direct appeal. (**See Herrington**, **supra** at *1-2); **see also generally Commonwealth v. Williams**, 151 A.3d 621, 625 (Pa. Super. 2016); **Commonwealth v. Mathis**, 463 A.2d 1167, 1169 (Pa. Super. 1983) ("Any [alleged trial court] errors have either been resolved against appellant in his first appeal before this [C]ourt, or have been waived by his failure to present them in his first appeal.") (citation omitted).