J-A10001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY MANUSZAK | : | |
| | : | |
| Appellant | : | No. 704 EDA 2017 |

Appeal from the Judgment of Sentence February 3, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002397-2015

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                   **FILED APRIL 13, 2018**

Appellant, Anthony Manuszak, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his negotiated guilty plea to two counts of possession of child pornography (18 Pa.C.S.A. § 6312(d)) that Appellant entered on September 22, 2015. On February 3, 2017, the court imposed the negotiated aggregate sentence of three (3) to nine (9) years' imprisonment and determined Appellant is a sexually violent predator ("SVP"). Appellant timely filed post-sentence motions on February 13, 2017, which the court denied on February 16, 2017. Appellant timely filed a notice of appeal on February 23, 2017. On February 27, 2017, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b). Following an extension, Appellant timely complied on May 25, 2017.

---

* Retired Senior Judge assigned to the Superior Court.

On July 28, 2017, Appellant filed an application for relief in this Court seeking a remand to amend his Rule 1925(b) statement due to our Supreme Court's decision in **Commonwealth v. Muniz**, ___ Pa. ___, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, ___ L.Ed.2d ___ (2018). This Court granted Appellant's request on August 21, 2017.  On September 6, 2017, Appellant filed an amended Rule 1925(b) statement.

On appeal, Appellant challenges the validity of his SVP status in light of **Muniz** (holding registration requirements under Sexual Offender Registration and Notification Act ("SORNA") constitute criminal punishment) and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017) (holding provision of SORNA which requires court to decide whether defendant is SVP by clear and convincing evidence violates federal and state constitutions because it increases criminal penalty to which defendant is exposed without fact-finder making necessary factual findings beyond reasonable doubt; vacating SVP status and remanding to trial court for sole purpose of issuing appropriate notice under 42 Pa.C.S.A. § 9799.23, governing appellant's sex offender registration and reporting requirements).  The Commonwealth does not oppose vacating Appellant's SVP status and remanding for the limited purpose of providing Appellant with new notice of his sex offender registration and reporting requirements under Section 9799.23.  **See Commonwealth v. Rizzuto**, 566 Pa. 40, 73, 777 A.2d 1069, 1088 (2001) (stating: "Parties may by stipulation resolve questions of fact or limit the issues, and, if the

stipulations do not affect the jurisdiction of the court or the due order of the business and convenience of the court they become the law of the case");

***Commonwealth v. Mathis***, 463 A.2d 1167 (Pa.Super. 1983) (supporting stipulations in criminal cases). Consistent with the parties' stipulations, we affirm Appellant's convictions, vacate his SVP status, and remand to the trial court to give Appellant new notice of his sex offender registration and reporting requirements under Section 9799.23.[1] We affirm the judgment of sentence in all other respects.

Judgment of sentence affirmed in part and vacated in part; case remanded with instructions and hereby stricken from the argument list. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/18

---

[1] SORNA, at 42 Pa.C.S.A. §§ 9799.10-9799.41, went into effect on December 20, 2012, and became the statute governing the registration and supervision of sex offenders. SORNA was recently amended by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018. Upon remand, the court must be cognizant that the prior version of SORNA applies to Appellant.