444 A.2d 155

**COMMONWEALTH of Pennsylvania**

v.

**Barbara CAMPBELL, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 25, 1982.

Filed April 12, 1982.

24

Sara M. Webster, Assistant Public Defender, Doylestown, for appellant.

Stephen B. Harris, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

WIEAND, Judge:

Barbara Campbell was found guilty by a jury of retail theft. After post-trial motions had been dismissed and sentence imposed, an appeal was filed in this Court. The only matter preserved for appellate review is the trial court's decision to allow the Commonwealth to re-open its case and present evidence showing probable cause for stopping and detaining appellant at the time of her arrest after the District Attorney, during a suppression hearing, had represented to the court that the arresting officer was unavailable to testify and the court had granted a defense motion to suppress. We find no abuse of discretion in the trial court's ruling and affirm the judgment of sentence.

Trial of the charge against appellant for retail theft was assigned to the Honorable George T. Kelton on the morning of June 4, 1981. When he undertook to hear appellant's pre-trial motion to suppress evidence, the following occurred:

MR. MC HUGH: . . . at the time the arresting officer was Anthony Manscola who was employed by the Middletown Township Police Department.

Mr. Manscola is no longer employed by the Middletown Township Police Department and is not available for trial today.

As such, Your Honor, I am not prepared to proceed on this motion and will concede that any items that were taken from Miss Campbell by Officer Manscola would not be introduced into evidence in any event.

THE COURT: Then, in effect, you are conceding, I should grant the motion to suppress the offering of evidence of any items so seized by the Middletown Township Police Department from the defendant?

MR. MC HUGH: That is correct, Your Honor, any items seized by the Middletown Township Police.

THE COURT: Then the motion is granted.

. . . .

MR. MC HUGH: I believe that is correct, Your Honor, and the Commonwealth does not intend to introduce any statements of the defendant or any physical evidence seized by Middletown Township Police.

THE COURT: In any event, there being no objection to the defendant's motion to suppress the evidence seized by the Middletown Township Police, and there being representation by the Commonwealth that there were no statements made that are proposed to be offered into evidence, the motion to suppress is granted.

MS. WEBSTER: Thank you, Your Honor.

THE COURT: This case will go before Judge Biehn. In the case of the *Commonwealth v. Campbell*, the pre-trial proceedings now having been completed, will be assigned now to Judge Biehn in Courtroom Five for trial.

By the time Judge Biehn was ready to commence trial on the afternoon of the same day, Anthony Manscola had been found and appeared as a Commonwealth witness. A request to re-open the suppression hearing was granted, and with Manscola's testimony the Commonwealth was able to establish the probable cause which justified, under 18 Pa.C.S. § 3929(d), the stopping and detention of appellant at the time the stolen merchandise was found on her person. By using as evidence this stolen merchandise, the Commonwealth was able to obtain a conviction by the jury which heard the case.

 The general rule is that prior to rendering its decision, a court may, in its discretion, permit either side to re-open its case to present additional evidence. *Commonwealth v. Irving*, 485 Pa. 596, 603, 403 A.2d 549, 552 (1979), *cert. denied*, 444 U.S. 1020, 100 S.Ct. 676, 62 L.Ed.2d 651 (1980); *Commonwealth v. Deitch Co.*, 449 Pa. 88, 100, 295 A.2d 834, 841 (1972); *Commonwealth v. Griffin*, 271 Pa.Superior Ct. 228, 240, 412 A.2d 897, 903 (1979); *Commonwealth v. Ridgely*, 243 Pa.Superior Ct. 397, 403, 365 A.2d 1283, 1286 (1976). The decision to permit re-opening should be even more flexible where, as here, the issue is not guilt but the admissibility of evidence. *Commonwealth v. Branch*, 292 Pa.Superior Ct. 425, 430–31, 437 A.2d 748, 750–51 (1981); *Commonwealth v. Griffin*, supra. Compare: *Commonwealth v. Ferguson,* 231 Pa.Superior Ct. 327, 330–31, 331 A.2d 856, 859 (1974) (Case remanded in the interests of justice to permit the Commonwealth to introduce into the record the warrant containing information necessary to establish a valid search and seizure).

 In the instant case, appellant argues that the Commonwealth's request to re-open its case came too late. She contends that the allowance of Officer Manscola's testimony was error because Judge Kelton had earlier announced that in the absence of evidence, the motion to suppress evidence would be granted. This, however, was merely a ruling on the admissibility of evidence and could be modified, altered or reversed if warranted by new evidence. Moreover, it was a ruling prompted by the failure of a Commonwealth witness to appear. When the witness later appeared, the prior evidentiary ruling could be reconsidered in the light of testimony offered by that witness. When the testimony established that stolen merchandise found on appellant's person had been lawfully seized, the basis for the prior exclusion of evidence ceased to exist, and the trial judge could properly receive such evidence.

The judgment of sentence is affirmed.

POPOVICH, J., concurs in result.