575 A.2d 557

COMMONWEALTH of Pennsylvania, Appellee,

v.

David THARP, Appellant.

Supreme Court of Pennsylvania.

Argued Dec. 14, 1989.

Decided May 23, 1990.

Melissa L. Norton, Asst. Public Defender, Michael D. Suders, Asst. Public Defender, for appellant.

John A. Packel, Chief, Appeals Div., Leonard N. Sosnov, Asst. Defender, for amicus-Defender Ass'n of Philadelphia.

John P. Muncer, David Noon, Sunbury, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

In this appeal we are called upon to review a per curiam order of the Superior Court which affirmed the judgment of sentence of the Court of Common Pleas of Northumberland County. The specific issue presented is whether the trial court properly permitted the Commonwealth to reopen its case and to introduce direct evidence on the issue of the defendant's age which was critical in establishing the requisite chain of proof. For the following reasons we find that the trial court acted within its discretion.

In this case the appellant was charged with rape,[1] indecent assault[2] and corruption of a minor[3] arising from an incident on September 12, 1986, during which the appellant had sexual relations with the sixteen year old victim. During the Commonwealth's case-in-chief, circumstantial evidence of the appellant's age was offered.[4] After the Com-

---

**1.** 18 Pa.C.S. § 3121(1).

**2.** 18 Pa.C.S. § 3126(1).

**3.** 18 Pa.C.S. § 6301.

**4.** The Commonwealth relied upon circumstantial evidence as to the appellant's age including: that the appellant was drinking alcohol in a bar (inference that the appellant was at least the legal drinking age, twenty-one); that the appellant was driving after twelve o'clock midnight (inference that the appellant was at least the legal driving age, eighteen) and the jury's observation of the appellant's physical appear-

monwealth closed its case, the appellant's counsel entered a demurrer on the corruption of a minor count alleging that the Commonwealth failed to present sufficient evidence of the defendant being over eighteen years of age. The Commonwealth requested the trial court take judicial notice of the fact that appellant's date of birth was listed on the criminal complaint, but the court denied the request. However, the trial court permitted the Commonwealth to reopen its case and offer direct evidence of appellant's age. The Commonwealth then offered testimony that appellant was thirty years old at the time of the complaint. The trial judge made no ruling on appellant's demurrer. The defense then offered evidence and the jury returned a verdict of guilty on the count charging the corruption of a minor.[5]

The appellant filed an appeal with the Superior Court alleging that the trial court erred in failing to grant the demurrer on that charge and permitting the Commonwealth to introduce additional evidence. The Superior Court in a memorandum opinion affirmed the trial court. 379 Pa.Super. 666, 545 A.2d 389.

Initially, it must be emphasized that this case is distinguishable from our decision in *Commonwealth v. Zoller*, 507 Pa. 344, 490 A.2d 394, *cert. granted, sub nom. Smalis v. Pennsylvania*, 474 U.S. 944, 106 S.Ct. 307, 88 L.Ed.2d 285 (1985). In *Zoller*, the trial judge ruled upon the defendant's motion for demurrer and granted it, thus ending the case. The Commonwealth appealed from that decision. The Commonwealth argued that the evidence presented was sufficient to sustain the charge and the trial judge improperly granted the demurrer. The Superior Court quashed the appeal, holding that a demurrer was analogous to an acquittal and the Commonwealth was barred from appeal-

ance during trial. Such evidence has been accepted as sufficient to establish the age of a defendant in a corruption of a minor charge. *See Commonwealth v. Nelson*, 320 Pa.Super. 488, 467 A.2d 638 (1983) (inference of legal drinking age from testimony of drinking in bars); *Commonwealth v. Jones*, 314 Pa.Super. 497, 461 A.2d 267 (1983) (physical appearance of the defendant is evidence of age).

5. Verdicts of not guilty were returned on the remaining counts.

ing on double jeopardy grounds. We reversed the Superior Court, holding that the Commonwealth's appeal from a demurrer did not violate the double jeopardy protection of the federal and state constitutions. The United States Supreme Court reversed our decision in *Smalis v. Pennsylvania,* 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986), and held that a court's grant of demurrer was equivalent to an acquittal and the state was prohibited from appealing that decision.

This case is distinguishable from *Zoller* because here the trial judge made no ruling on the motion for demurrer. Thus the trial was not concluded as was the case in *Zoller.* Here the issue raised is the right of the trial court to permit the Commonwealth to introduce additional evidence as to the appellant's age after the demurrer was interposed and before a ruling was made upon that motion. The question raised is limited therefore, to whether the trial judge abused his discretion by allowing the Commonwealth to reopen its case for the introduction of this evidence.

In this instance, the successive prosecution aspect of double jeopardy is not implicated. In *Smalis,* the Supreme Court analogized the finality of a grant of a demurrer to an acquittal and barred further fact-finding proceedings. The *Smalis* court sought to protect the "interest of the accused in having an end to the proceedings against him." *Id.* at 145, 106 S.Ct. at 1749. Here the trial judge failed to expressly rule on the motion for demurrer, and proceedings had not come to an end when the trial judge allowed the Commonwealth to reopen its case.[6] There is no case law, nor any reasonable justification for treating the mere interposing of a motion for demurrer as possessing such finality. Therefore, the appellant's challenge on double jeopardy grounds is unfounded.

---

**6.** It should be noted that, after reviewing the additional evidence entered by the Commonwealth as to the age of the appellant, the trial court failed to expressly rule on the motion for demurrer. However, it is clear there was an implicit denial of the demurrer after the question of age had been fully established, in that the trial continued, the defense presented its evidence and the matter was submitted to the jury.

 Under the law of this Commonwealth a trial court has the discretion to reopen a case for either side, prior to the entry of final judgment, in order to prevent a failure or miscarriage of justice. *Commonwealth v. Evans*, 488 Pa. 38, 410 A.2d 1213 (1979); *Commonwealth v. Deitch Co.*, 449 Pa. 88, 295 A.2d 834 (1972); *see also, Commonwealth v. Staten*, 350 Pa.Super. 173, 504 A.2d 301 (1986); *Commonwealth v. Tabas*, 308 Pa.Super. 43, 454 A.2d 12 (1982); *Commonwealth v. Parente*, 294 Pa.Super. 446, 440 A.2d 549 (1982); *Commonwealth v. Ridgely*, 243 Pa.Super. 397, 365 A.2d 1283 (1976). The case law in this Commonwealth has recognized the discretion of the trial court to permit the Commonwealth to reopen its case for the purpose of meeting a demurrer interposed by the defense prior to its ruling upon that motion. *See Commonwealth v. Evans, supra; Commonwealth v. Mathis*, 317 Pa.Super. 226, 463 A.2d 1167 (1983); *Commonwealth v. Campbell*, 298 Pa.Super. 23, 444 A.2d 155 (1982).

 In this case the trial judge permitted the Commonwealth to reopen its case to present direct evidence as to the appellant's age in order to further establish the age element of a charge for corruption of a minor. That offense requires that the defendant be at least eighteen years of age. 18 Pa.C.S. § 6301(a).[7] Here, the appellant was thirty-one years of age at the time of trial. The Commonwealth initially failed to present any direct evidence of his age but relied on the circumstantial evidence. *See supra*, note 4. After the trial judge permitted the Commonwealth to reopen, testimony was offered by the arresting police officer who verified the age of the appellant through the appellant's driver's license.

7. Section 6301 states in pertinent part:
 (a) Offense defined.—Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, is guilty of a misdemeanor of the first degree.

In view of appellant's appearance and the activities that he engaged in at the time of this event, it is understandable why the prosecution would, in the first instance, be led to believe that direct proof of appellant's age would be unnecessary. Once a direct attack based upon this question was interposed, the court, in the exercise of its discretion, was justified in permitting the introduction of direct evidence to avoid the possibility of a result inconsistent with the true facts. Whether a demurrer could have been granted on the circumstantial evidence presented is not the issue. The court did, in its discretion, have the right to permit additional, immediately available evidence directly related to the issue raised.

Accordingly, judgment is affirmed.

LARSEN, J., dissents.