J-S35038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:       PENNSYLVANIA
:
v. :
:
:
RICHARD KENNETH AGNEW, II :
:
Appellant : No. 1910 WDA 2016

Appeal from the Judgment of Sentence September 21, 2016
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000079-2016

BEFORE: LAZARUS, RANSOM, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JUNE 2, 2017**

Appellant Richard Kenneth Agnew, II, appeals the judgment of

sentence entered in the Court of Common Pleas of Clarion County on

September 21, 2016, following a jury trial at which time he was sentenced

to fifteen (15) months to thirty (30) months in prison. Following a careful

review, we affirm.

The trial court set forth the relevant facts and procedural history

herein as follows:

The evidence presented at trial showed that a witness
observed [Appellant] "huff" [d]uster[1] in the parking lot of the
Trader Horn store and, a few minutes later, drive to a Sheetz
gas station. Officer Seyler of the Clarion Borough Police

_____

[*] Former Justice specially assigned to the Superior Court.
[1] Duster is a product comprised of high-pressure air used for cleaning
electronics and computer keyboards. N.T., 8/10/16, at 14-15.

Department was dispatched to the scene. Upon arrival, Seyler observed a car matching the description of the reported vehicle exit the Sheetz parking lot without turning on its headlights. As it was approximately 9:30 PM and dark out, Officer Seyler considered this to be unsafe and initiated a traffic stop. Office[r] Seyler then observed the car make an erratic turn off of the main road and back into the Sheetz parking lot. When Officer Seyler approached the car during the course of the stop, he observed a can of [d]uster and a Trader Horn bag on the passenger's seat of the car. Upon questioning, [Appellant] admitted that he had been huffing the [d]uster that night. [Appellant] admitted to inhaling the [d]uster again during his testimony at trial, but argued that he was not experiencing any intoxicating effects of the [d]uster while he was driving.

In an off-the-record discussion before trial began, the District Attorney and the defense attorney agreed to stipulate at trial that the "[d]uster" constituted a solvent for the purposes of § 3802(d)(4) and § 7303(a). They agreed that the District Attorney would offer the confiscated can of [d]uster into evidence and place a stipulation to its nature as a solvent on the record at that time. However, while the DA did enter the can into evidence, he neglected to offer the stipulation. During closing arguments, [Appellant] objected to the DA's characterization of the [d]uster as a solvent, as the stipulation had not been placed on the record during trial. N.T. of 8/10/2016, pp. 135-42. Upon consideration of the attorneys' arguments during a sidebar conference, I allowed the stipulation to be entered into the record and instructed the jury that the attorneys had stipulated that the [d]uster was a solvent.

[Appellant's] first two errors complained of on appeal relate to this stipulation. [Appellant] alleges that the court erred in *sua sponte* reopening the record during closing arguments to allow entry of the stipulation, and further alleges that because no evidence of the "solvent" element of the charges was properly before the jury, the Commonwealth failed to prove the elements of its case beyond a reasonable doubt. I responded to these arguments in detail in an Order dated November 30, 2016, disposing of [Appellant's] Post -Sentence Motion.

***

Trial Court Opinion, filed 1/19/17, at 1-2 (unnumbered).

Appellant filed a post-sentence motion on October 3, 2016, and the trial court denied the same in an Order entered on December 1, 2016. Appellant filed a timely notice of appeal on December 16, 2016, following which the trial court ordered him to file a concise statement of errors complained of on appeal on December 29, 2016. Appellant complied and filed the same on January 11, 2017.

In his brief, Appellant presents the following Statement of Questions Involved:

> I. Did the trial court err in reopening the record *sua sponte* permitting the introduction of a stipulation after the close of evidence and after the Defense had made closing arguments?
> II. Did the Commonwealth fail to present sufficient evidence properly in front of the jury to find Appellant guilty beyond a reasonable doubt?

Brief for Appellant at 4.

Appellant first maintains that in reopening the record *sua sponte* to permit the introduction of evidence specifically pertaining to the solvent which the Commonwealth had omitted to present in its case-in-chief, the trial court erred as a matter of law, abused its discretion, and/or violated Appellant's due process rights by essentially inserting itself as an advocate for the Commonwealth. Appellant posits that but for the trial court's intervention, the Commonwealth's failure to offer the parties' stipulation into evidence would have been fatal to the Commonwealth's case. Brief for Appellant at 11.

A trial court has the discretion during a jury trial to reopen a case for either side to present additional evidence concerning an element of a crime prior to the verdict so as to prevent a failure or miscarriage of justice. *Commonwealth v. Tharp*, 525 Pa. 94, 98, 575 A.2d 557, 558-59 (1990) *see also Commonwealth v. Safka*, ___ Pa. ____, ____, 141 A.3d 1239, 1249 (2016)(finding in a matter of first impression the trial court sitting in a bench trial had the discretion to reopen the record *sua sponte* to receive additional testimony concerning a vehicle's Event Data Recorder to avoid a miscarriage of justice).[2]  Acknowledging it effectively had reopened the

_____

[2] Recognizing that existing authority had found the trial court acted within its discretion in permitting the Commonwealth to reopen its case for the purpose of meeting a demurrer interposed by the defense prior to the trial court's ruling upon that motion, the Supreme Court in *Tharp* reasoned as follows:

> In this case the trial judge permitted the Commonwealth to reopen its case to present direct evidence as to the appellant's age in order to further establish the age element of a charge for corruption of a minor. That offense requires that the defendant be at least eighteen years of age. 18 Pa.C.S. § 6301(a). Here, the appellant was thirty-one years of age at the time of trial. The Commonwealth initially failed to present any direct evidence of his age but relied on the circumstantial evidence. After the trial judge permitted the Commonwealth to reopen, testimony was offered by the arresting police officer who verified the age of the appellant through the appellant's driver's license.
> In view of appellant's appearance and the activities that he engaged in at the time of this event, it is understandable why the prosecution would, in the first instance, be led to believe that direct proof of appellant's age would be unnecessary. Once a direct attack based upon this question was interposed, the court, in the exercise of its discretion, was justified in permitting the

*(Footnote Continued Next Page)*

record during the Commonwealth's closing argument to permit the Commonwealth to present additional evidence, the trial court explained its decision to do so as follows:

> [T]he attorneys clearly had agreed, and it was never in dispute, that the duster was a solvent or noxious substance. I decided it was unfair for [Appellant] to gain an acquittal solely because the District Attorney had neglected to offer a stipulation on a fact that was not in dispute. I allowed the admission in evidence of the fact that the duster was a solvent or noxious substance in order to prevent a failure or miscarriage of justice.

Trial Court Order, filed 12/1/16, at 2 (unnumbered).

Initially, we note that Appellant frames "[t]he issue of the present case [as] [the trial court's] *sua sponte* reopening of the record during a jury trial to permit the introduction of a stipulation after the Defense had concluded closing arguments." Moreover, Appellant avers the trial court abused its discretion in entering the stipulation into evidence "in the middle of the Commonwealth's closing argument, after a side–bar held in front of the jury, and with no statement that this evidence was **not** to be considered more important than any of the other presented evidence." Brief for Appellant at

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

> introduction of direct evidence to avoid the possibility of a result inconsistent with the true facts. Whether a demurrer could have been granted on the circumstantial evidence presented is not the issue. The court did, in its discretion, have the right to permit additional, immediately available evidence directly related to the issue raised.

*Id.* (footnote and citation omitted).

16 (emphasis in original). Appellant also faults the trial court for failing to provide defense counsel with an opportunity to readdress the issue, as his closing argument had been completed, and the Commonwealth for failing to present a reason for its omitting to present the evidence during its case-in chief. *Id*. For the reasons that follow, we find Appellant has waived these challenges for appellate review.

The following is Appellant's own account of the relevant sidebar discussion:

> A side-bar was held wherein the stipulation was discussed. [Partial Transcript] at 135. Specifically the Defense, while agreeing that an **agreement to stipulate** existed, objected to the reference of the stipulation that the duster was a solvent as a fact that was not in evidence, because the Commonwealth failed to offer the stipulation during the course of the trial. PT at 135-136. Initially, [the trial court] agreed with Defense Counsel. PT 138-139. Upon further discussion, however, [the trial court] felt that, despite the Commonwealth "technically" failing to offer the stipulation, it would now reopen the record and submit the stipulation to the jury, because there was pretrial agreement of the parties for the stipulation. *Id.*, at 140-141.
>
> Following this, [the trial court] stated to the jury the forgotten stipulation and allowed the Commonwealth to continue its closing argument. PT at 141-142. The jury was eventually dismissed to deliberate and returned a verdict of guilty on the two misdemeanor charges. . . .

Brief for Appellant at 9 (emphasis in original).

Specifically, the trial court sustained Appellant's initial objection "to the district attorney's reference to the substance being a solvent or noxious substance because that's not a fact that's been entered into evidence" and in doing so stated that "I'll sustain your objection as to his reference to a

stipulation because technically there was no stipulation on the record." N.T., 8/10/16, at 138-39. However, after further discussion and argument, the trial court conversely stated: "I'm finding that there is a stipulation, so [District Attorney] I'm reversing my previous decision that I just made a few minutes ago, and I find there is a stipulation. So you may argue that, and I will instruct the jury that it is a solvent or noxious substance." Following the trial court's declaration, a notation in the transcript appears stating: "(Whereupon, this ends the discussion held at the Judge's sidebar.)."

Defense counsel never specifically objected to the trial court's *sua sponte* reopening of the record during the trial to permit the introduction of the agreed upon stipulation at this juncture, to its reversal of its previous ruling in this regard, or to its presentation of the jury instruction that the substance was a solvent or noxious substance. ***Id***. at 141 142, 162. Indeed, the trial court characterized Appellant's objection at trial as pertaining to "the district attorney's characterization of the duster as a solvent." **See** Trial Court Opinion, filed 1/19/17, at 2 (unnumbered). On appeal, Appellant does not deny that duster is a solvent as defined in 18 Pa.C.S.A. § 7303. Brief for Appellant at 8.

"Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). In addition, "it is axiomatic that issues are preserved when objections are made timely to the error or offense." **Commonwealth v. Baumhammers**, 599 Pa. 1, 24, 57, 960 A.2d

59, 73 (2008). "The purpose of contemporaneous objection requirements respecting trial-related issues is to allow the court to take corrective measures and, thereby, to conserve limited judicial resources." **Commonwealth v. Sanchez**, 614 Pa. 1, 31, 36 A.3d 24, 42 (2011). "[A] party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected." **Commonwealth v. Strunk**, 953 A.2d 577, 579 (Pa.Super. 2008).

Moreover, as this Court recently observed:

It is well-established that "[a] party complaining, on appeal, of the admission of evidence in the court below will be confined to the specific objection there made." **Commonwealth v. Cousar,** 593 Pa. 204, 231, 928 A.2d 1025, 1041 (2007), *cert. denied,* 553 U.S. 1035, 128 S.Ct. 2429, 171 L.Ed.2d 235 (2008). If counsel states the grounds for an objection, then all other unspecified grounds are waived and cannot be raised for the first time on appeal. **Commonwealth v. Arroyo,** 555 Pa. 125, 142, 723 A.2d 162, 170 (1999);

**Commonwealth v. McGriff**, 2017 WL 1424438, at * 8 (Pa.Super. April 21, 2017). In light of the foregoing, because Appellant failed to raise a timely and specific objection with the trial court on the grounds that he now raises, he waived his first issue. **Commonwealth v. Baumhammers**, **supra** at 57, 960 A.2d at 93 (2008).[3]

---

[3] Appellant also asserts in his appellate brief that the trial court violated his due process rights by unilaterally reopening the record. Brief for Appellant at 18-19. However, Appellant did not aver a constitutional due process violation in his Concise Statement of Errors Complained of on Appeal. As
*(Footnote Continued Next Page)*

Assuming, *arguendo*, that this Court finds his previous claim meritorious, Appellant next contends the Commonwealth failed to present any evidence to the jury that the substance Appellant inhaled is a solvent under 18 Pa.C.S.A. § 7303 which was necessary to prove the charges brought against him beyond a reasonable doubt. Appellant states the fact that the Commonwealth neglected to offer a stipulation of an undisputed fact did not relieve it of its burden to provide sufficient evidence to prove the charged crimes beyond a reasonable doubt. Brief for Appellant at 21-22. Appellant relies upon our Supreme Court's decision in ***Commonwealth v. Jemison***, 626 Pa. 489, 98 A.3d 1254 (2014) wherein the Court held, *inter alia*, that because an element of the offense of persons not to possess firearms constituted a prior conviction of a specific, enumerated offense, the prosecution should not be required to accept a stipulation which acknowledges that a prior conviction satisfies this element, but does not name or identify the specific prior offense.

When examining a challenge to the sufficiency of evidence, we employ a well-settled standard of review:

> The standard we apply in reviewing the sufficiency of the
> evidence is whether viewing all the evidence admitted at trial in

*(Footnote Continued)* ───────────────

such, he has waived this challenge for his failure to raise it in his Rule 1925(b) statement. ***Commonwealth v. Lord***, 553 Pa. 415, 719 A.2d 306 (1998). ***See also Strunk***, ***supra*** (stating "[e]ven issues of constitutional dimension cannot be raised for the first time on appeal." (citations omitted)).

the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence

*Commonwealth v. Beasley*, 138 A.3d 39, 45 (Pa.Super. 2016) (citations omitted).

Appellant was convicted of one count each of Driving Under the Influence of Alcohol or Controlled Substance (DUI), 75 Pa.C.S.A. § 3802(d)(4), and Illegal Use of Solvents or Noxious Substances, 18 Pa.C.S.A. § 7303(a). The relevant subsection of the DUI statute reads:

**(d) controlled substances.--** An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(4) The individual is under the influence of a solvent or noxious substance in violation of 18 Pa.C.S.A. § 7303 (relating to sale or illegal use of certain solvents and noxious substances).

75 Pa.C.S.A. § 3802(d)(4). The crime of Illegal Use of Solvents or Noxious Substances is defined as follows:

- 10 -

No person shall, for the purpose of causing a condition of intoxication, inebriation, excitement, stupefaction, or the dulling of his brain or nervous system, intentionally smell or inhale the fumes from any noxious substance or substance containing a solvent having the property of releasing toxic vapors or fumes.

18 Pa.C.S.A. § 7303(a). A solvent or noxious substance refers to:

**(f) Definition.--**As used in this section, the phrase "any noxious substance or substance containing a solvent having the property of releasing toxic vapors or fumes" shall mean any substance containing one or more of the following chemical compounds: acetone, acetate, benzene, butyl alcohol, cyclohexyl nitrite, ethyl alcohol, ethylene dichloride, gaseous or liquid fluorocarbons, isopropyl alcohol, methyl alcohol, methyl ethyl ketone, nitrous oxide, pentachlorophenol, petroleum ether, or toluene.

18 Pa.C.S.A. § 7303(f).

Officer Robert Seyler came in contact with Appellant upon responding to a dispatch that a vehicle whose driver had been observed huffing duster exited a Trader Horn parking lot with its headlights out and proceeded to a nearby Sheetz.[4] Officer Seyler stated he saw a can of duster on the passenger seat when he approached Appellant's vehicle as well as two empty cans of duster in a Trader Horn bag. N.T., 8/10/16, at 8-14, 19. After initially denying doing so, Appellant admitted he had inhaled the three cans of Johnson's brand duster when Officer Seyler informed him someone witnessed him inhaling the duster *Id*. at 17-19, 28-29. Officer Seyler directed Appellant to get out of the car at which time he observed Appellant

_____

[4] Officer Seyler's previously preserved testimony was read into evidence by Renee Wingard who testified she worked in the prosecutor's office. N.T., 8/10/16, at 6.

- 11 -

stumble and experience trouble keeping his balance. Officer Seyler also noticed Appellant's speech was slow and slurred. *Id*. at 19-20. Officer Seyler indicated Appellant had a cane. Appellant explained he relied on the cane because he has knee problems. *Id*. at 29-31.

Officer Seyler related that he did not transport Appellant to a hospital or other facility for a blood test as he was instructed not to do so because duster remains in a person's system for only a matter of minutes. *Id*. at 31. Notwithstanding, Officer Seyler opined based upon his observation of Appellant and his previous experience that Appellant had been huffing and it was not safe for him to be operating a motor vehicle. *Id*. at 32-33. Officer Seyler characterized Appellant's level of impairment as severe based upon the way he saw Appellant make the turn into the Sheetz parking lot. *Id*. at 33.

Officer Richard Faust testified he responded to the scene at which time he saw Officer Seyler speaking with Appellant. *Id*. at 35-36. The officers did not perform field sobriety tests in light of Appellant's indication he had bad knees and had surgeries thereon. *Id*. at 37-38. Officer Faust identified Commonwealth's Exhibit No. 1 as the can of duster confiscated from Appellant at Sheetz. *Id*. at 38-39. The Commonwealth admitted the can of duster into evidence without objection. *Id*. at 40.

Deborah Maurer testified she had been employed by Trader Horn and was working on the evening of September 25, 2015. As she walked toward

her vehicle after closing the store, she saw Appellant flailing in his car and shouting jibberish. *Id*. at 44-49, 52. Ms. Maurer smelled an odd odor and observed Appellant holding a can upside down in his mouth, although she was unable to discern the label thereon. While she did not sell duster to Appellant on that evening, she identified Commonwealth's Exhibit 1 as the brand of duster sold at Trader Horn. *Id*. at 50-51. Ms. Maurer followed Appellant when he drove away to the Sheetz parking lot. *Id*. at 57-60.

Appellant testified in his own defense at which time he admitted he purchased and intentionally ingested duster to help ease his knee pain. *Id*. at 94-95, 110. He stated inhaling the duster made him feel very sick to his stomach, and he waited eight (8) to ten (10) minutes to drive to Sheetz until the effects of the duster had worn off. *Id*. at 98-99. Despite the fact that he was able to provide affirmative answers to most of his counsel's questions, Appellant repeatedly represented on both direct and cross-examination that he suffers from intermittent memory loss. *Id*. at 96, 103, 106-108.

Viewing the aforementioned evidence in a light most favorable to the Commonwealth as verdict winner, we find the Commonwealth presented sufficient evidence to sustain the convictions. As we have previously found that Appellant waived his challenge to the admission of the stipulation and corresponding jury instruction on appeal, we consider this evidence in the context of Appellant's sufficiency claim. As was the case in **Tharp**, **supra**, it

is understandable under the facts herein that the District Attorney believed the defense would have no objection to the duster being termed a fluorocarbon as it had been entered into evidence. N.T., 8/10/16, at 136-137. Once defense counsel lodged a direct attack on the District Attorney's characterization of Commonwealth's Exhibit 1 as a "solvent or noxious substance," the trial court permitted the introduction of the parties' prior stipulation which did not constitute new evidence but, rather, corroborated what is, in fact, the chemical makeup of duster so as to avoid a result inconsistent with the facts revealed at trial.

Moreover, unlike the situation presented in *Jemison*, *supra*, where an element of the offense could be proven only if the Commonwealth accepted the stipulation, the Commonwealth herein presented evidence independent of the parties' pretrial stipulation that duster is a solvent or noxious substance under 18 Pa.C.S.A. § 7303(f) to prove the charged crimes. In addition to the eyewitness testimony and Appellant's own confession that he had ingested the duster and operated his motor vehicle, the Commonwealth admitted the duster can into evidence without objection. As the Commonwealth noted at trial, the can itself indicates it contains fluorocarbon, one of substances enumerated in Subsection § 7303(f). N.T., 8/10/16, at 135.

Pennsylvania Rule of Criminal Procedure 646 entitled "Material Permitted in Possession of the Jury" provides that "(A) upon retiring, the

jury may take with it such exhibits as the trial judge deems proper, except as provided in paragraph (C)." Pa.R.Crim.P. 646(A).[5] As such, even were we to have determined the trial court had erred in reopening the record to find there had been a stipulation the can of duster was a solvent and in instructing the jury to this effect, which we have not, Appellant's challenge to the sufficiency of the evidence does not hinge upon the stipulation. The jury was free to examine the ingredients and warnings on the can of duster whose admission into evidence went unchallenged by Appellant. Commonwealth Exhibit 1 when viewed in connection with the testimonial evidence and Appellant's own admissions provided the jury with sufficient evidence to convict Appellant of DUI and Illegal Use of Solvents or Noxious Substances. Thus, Appellant's second issue is meritless.

Judgment of sentence affirmed.[6]

_____

[5] Rule 646(C) Provides:

        (C) During deliberations, the jury shall not be permitted to have:
            (1) a transcript of any trial testimony,
            (2) a copy of any written or otherwise recorded confession by the defendant;
            (3) a copy of the information or indictment; and
            (4) except as provided in paragraph (B), written jury instructions.

Pa.R.Crim.P. 646(C).

[6] This Court may affirm the trial court's order on any valid basis. ***Plasticert, Inc. v. Westfield Ins. Co.***, 923 A.2d 489 (Pa.Super. 2007).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/2/2017