J-S80024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MYRON M. COWHER, II | : | |
| | : | |
| Appellant | : | No. 3297 EDA 2016 |

Appeal from the Judgment of Sentence October 7, 2016
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000422-2014

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 06, 2018**

Myron M. Cowher, II ("Appellant") appeals from the judgment of sentence imposed by the Court of Common Pleas of Pike County after a jury found him guilty of multiple offenses related to an attempted election fraud. We affirm.

This case arises out of Appellant's fraudulent voting scheme in the 2014 Wild Acres Community Association election.  Appellant and his co-defendant, Dmitry Kuperschmidt,[1] planned to cast ballots for historically non-voting property owners of the Wild Acres Community in order to influence the election results.  Appellant went to trial in May of 2016 on 217

_____

[1]  Dmitry Kuperschmidt appealed his judgment of sentence at 3295 EDA 2016.  We addressed his claims of error in a separate memorandum.

counts, including forgery, identity theft, criminal use of a communications facility, tampering with records or identification, criminal attempt, and criminal conspiracy.[2] The jury convicted Appellant on all 217 counts.

On August 11, 2016, the trial court sentenced Appellant to incarceration for an aggregate term of eighteen months to four years. The Commonwealth filed a motion for reconsideration. Following a hearing, the trial court granted the Commonwealth's request for an amendment of the maximum sentence to fifty months to reflect the correct total of each individual sentence; however, the trial court denied the Commonwealth's request for an additional sentence of probation. The trial court entered an amended sentencing order on October 7, 2016, indicating the correct maximum sentence of fifty months and affording Appellant credit for 143 days of time served.[3] This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[2]  18 Pa.C.S. §§ 4101(a)(2), 4120(a), 7512(a), 4104(a), 901, and 903, respectively.

[3]  The jury convicted Appellant on multiple counts of criminal attempt and criminal conspiracy related to the substantive offenses of forgery, identity theft, and tampering with records or identification. However, "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S. § 906. Although the trial court originally sentenced Appellant on the attempt and conspiracy convictions, it also amended the original sentencing order on October 7, 2016, to remove the sentences for the conspiracy convictions as to comply with 18 Pa.C.S. § 906. Order, 10/7/16, at 4–5.

On appeal, Appellant states a single issue for our consideration:[4]

1. Did the lower court err when it refused to re-open the case in order to allow [Appellant] to exercise his right to testify when the request was made before closing arguments and where the court failed to colloquy him before the defense rested, refused to consider the substance of the proposed testimony and otherwise failed to inquire as to whether a miscarriage of justice would occur in the absence of his testimony?

Appellant's Brief at 4. As this issue involves Appellant's constitutional right to testify, it is a question of law; thus, our standard of review is *de novo*, and our scope of review is plenary. **Commonwealth v. Baldwin**, 58 A.3d 754, 762 (Pa. 2012) (citation omitted) ("**Baldwin II**").

Our Supreme Court has explained that:

[a] criminal defendant's right to testify has its source in the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, as well as Art. I, § 9 of the Pennsylvania Constitution. This right is not unfettered, however, and there are limitations on its exercise, such as the accommodation of legitimate interests in the trial process. Accordingly, the reopening of a case after the parties have rested, for the taking of additional testimony, is within the trial court's discretion; this Court has couched the exercise of this discretion in terms of preventing a failure or miscarriage of justice.

**Baldwin II**, 58 A.3d at 763 (internal brackets and citations omitted). **See also Commonwealth v. Tharp**, 575 A.2d 557, 558–559 (Pa. 1990) ("[A] trial court has the discretion to reopen a case for either side, prior to the

---

[4] Although Appellant presented six issues for the trial court's review, he only presents one issue on appeal to this Court. Thus, we consider the other five issues waived. **Commonwealth v. Yocolano**, 169 A.3d 47, 53 n.7 (Pa. Super. 2017).

entry of final judgment, in order to prevent a failure or miscarriage of justice.")). Furthermore:

> [w]e will deem a trial court to have abused its discretion only if we determine that the trial court's ruling exhibited manifest unreasonableness, partiality, prejudice, bias or such lack of support as to render it clearly erroneous. **We will not condemn a trial court's ruling as an abuse of discretion merely because we might have reached a different conclusion had the decision been ours in the first instance.**

*Commonwealth v. Baldwin*, 8 A.3d 901, 903–904 (Pa. Super. 2010) ("*Baldwin I*") (quoting *Commonwealth v. Bango*, 742 A.2d 1070, 1072 (Pa. 1999) (citation omitted) (emphasis in original)). Finally, "there is no requirement that the trial court conduct an on-the-record colloquy when a defendant waives his right to testify." *Id.* at 907 n.5 (citing *Commonwealth v. Duffy*, 832 A.2d 1132, 1137 n.3 (Pa. Super. 2003) (citation omitted)).

The *Baldwin II* Court upheld this Court's framework for reviewing the denial of a defense request to reopen its case. *Baldwin II*, 58 A.3d at 763–764. That framework involved weighing a defendant's "right to testify after the close of evidence against the need for order and fairness in the proceedings" to determine if the trial court abused its discretion in allowing the testimony. *Baldwin I*, 8 A.3d at 910. We considered several factors specific to the facts of *Baldwin I* that are also present in the case at hand: both cases were jury trials; the defense motions occurred **after** the trial court had informed the jury that the defense had rested, the evidence was

- 4 -

closed, and proposed instructions had been provided; the defense motions occurred **before** closing arguments and the trial court's final charge; and the Commonwealth's rebuttal witnesses were no longer available.[5]

Here, at the conclusion of the Commonwealth's case-in-chief on Friday afternoon, Appellant chose not to testify or to present any evidence. N.T., 5/20/16, at 230. On the following Monday morning, defense counsel addressed the trial court:

> ATTORNEY BARON: . . . I will be making a Motion to Re-open my case. My client is now requesting or I should say demanding that he take the stand and testify. He indicated to me that he was not in the right state of mind on Friday due to the medications he was provided on Thursday. I guess over the weekend he had the opportunity to adapt to his medicines or come off those medications and apparently come to the right state of mind. So that is my Motion Judge.
>
> * * *
>
> THE COURT: Okay well I will tell you what my decision will be in a second but I have not had this specific scenario come up before but is there any case law that you want to refer me to because I just want to ask you before I make my decision.
>
> ATTORNEY BARON: Judge I guess that I just—like I said I found this out walking into Court this morning. I would just like for the record to indicate that my client on Friday was on Gabapentin, Cyclobenzaprine and prednisone my understanding they are Neurontin, Flexural and Duratocin; those are the drugs

---

[5] Additionally, we considered that defendant Baldwin did not want to testify; rather, he wanted to address the jury without being subject to cross-examination in order to bolster his insanity defense. **Baldwin I**, 8 A.3d at 910. Moreover, defendant Baldwin "presented no excuse to explain his change of tack." **Id.**

he was on, narcotics or whatever they are Your Honor. That is all I have to say for the record.

THE COURT: Well what the Court will do is deny the Motion. Suffice it to say I think that sufficient time has lapsed to make that decision and the Court made it very clear when I indicated that the evidence was closed and I think based upon everything that the time has passed for Mr. Cowher to make that decision and the prejudice that might result from the Commonwealth in allowing the case to be reopened. I will deny the Motion but it is noted of record.

ATTORNEY BARON: Thank you, Your Honor.

N.T., 5/23/16, at 3–5. Unlike defendant Baldwin, Appellant was "demanding to testify," and he explained his change of mind as the result of adapting to new medications over the weekend. N.T., 5/23/16, at 3. Yet, at no time before or on Friday, May 20, 2016, did Appellant identify his medications as an impediment to testifying.

The trial court disposed of Appellant's challenge as follows:

Under Pennsylvania law, it is within the Trial Court's discretion to reopen a case, "in order to prevent a failure or miscarriage of justice." *Commonwealth v. Tharp*, 575 A.2d 557, 558 (Pa. 1990). The [c]ourt's decision will be upheld as long as there is not an abuse of discretion. *See Commonwealth v. Baldwin*, 58 A.3d 754, 759 (Pa. 2012) [(*Baldwin II*)].

* * *

[Appellant] argues that under [*Baldwin II*], this [c]ourt did not make a sufficient inquiry into the value of [Appellant's] testimony or how the Commonwealth would be prejudice[d] by the reopening of the case. [Appellant] further asserts that this [c]ourt erred by failing to colloquy [Appellant] about his decision not to testify prior to the close of evidence.

* * *

We respectfully submit that under [*Baldwin II*] this [c]ourt appropriately denied [Appellant's] Motion to reopen the case. The [c]ourt would particularly note that just as in [*Baldwin II*], [Appellant] here asserted his right to testify after the jury had been informed that the defense had rested and his assertion came just before closing arguments were to begin on a Monday after a weekend break. As in [*Baldwin II*], the [c]ourt had already received requests for points for charge and had prepared its final jury instructions. In addition, the [c]ourt had advised the jury and the parties on the close of trial on the preceding Friday that the testimony and evidence were closed and that trial would resume on Monday with closing arguments and the [c]ourt's final charge. Further, there was an indication from Assistant District Attorney Bruce DeSarro, Esq. that the Commonwealth would be prejudiced by [Appellant's] testimony because rebuttal witnesses were no longer available. N.T. 05/23/14 at 3–4.

This [c]ourt also notes that, while certainly not dispositive of [Appellant's] request to reopen his case, ample accommodation was made to the parties, including [Appellant], to present testimony and evidence in this trial. The parties had estimated that trial would last approximately three (3) days when in fact, it went into a fourth day of trial with the time between days three (3) and four (4) being an intervening weekend. The case had been pending for almost two (2) years before going to trial providing sufficient time to prepare including deciding whether to present testimony. Further, the [c]ourt had granted [Appellant's] request to adjourn the end of the morning session and the entire afternoon session of day two (2) of trial to attend a medical appointment.

Although unlike in [*Baldwin II*], [Appellant] did provide a reason for his failure to testify during the defense's case, namely that he was not in the "right state of mind" due to medications that were prescribed the day before. *Id.* at 3. However, the [c]ourt found this excuse to be dubious since no prior concerns were raised about the issue of [Appellant's] understanding of his right to testify.

Finally, this [c]ourt would note that unlike in [*Baldwin II*], no colloquy of [Appellant] was necessary here. The defendant in [*Baldwin II*] asserted that he wished to address the jury without cross-examination in order to bolster his insanity defense. *Id.* at

764. Given this assertion the trial court determined that an on-the-record colloquy of the defendant was a necessary measure for insuring that the defendant was knowingly giving up his right to testify. *Id.* at 756. Here, no such concerns existed and therefore a colloquy of [Appellant] was not necessary to determine that he understood his right to testify and the implications of giving up that right.

Trial Court Opinion, 1/10/17, at unnumbered 15, 17–18.

Upon review, we discern no abuse of the trial court's discretion, *i.e.*, no manifest unreasonableness, partiality, prejudice, bias, or such lack of support as to render the trial court's ruling clearly erroneous. In denying Appellant's motion, the trial court considered that: (1) it had advised the jury and the parties on the preceding Friday that the testimony and evidence were closed and that closing arguments and the final charge would take place on Monday; (2) it had already received requests for points for charge and had prepared its final jury instructions; (3) re-opening the case would cause prejudice to the Commonwealth; (4) Appellant had two years to decide if he would testify; and (5) the trial court did not believe the reason for Appellant's change of mind about testifying. Trial Court Opinion, 1/10/17, at unnumbered 17–18. These factual findings are supported by the record, N.T., 5/20/16, at 238; N.T., 5/23/16, at 2–5. Moreover, the trial court's legal conclusion is supported by this Court's decision in **Baldwin I**:

[T]he potential for disruption or prejudice in the proceedings, upon reopening the evidence to allow Appellant to testify, would not be insignificant. . . . [R]eopening the evidence may have confused the jurors, as the Appellant had expressly rested its case in the presence of the jury. Also, through his testimony, Appellant would have had the opportunity to raise issues

- 8 -

warranting a response or follow-up from the Commonwealth. The Commonwealth had previously presented its rebuttal witness, rested its case and dismissed its witnesses. Thus, allowing Appellant's testimony could have resulted in potential prejudice to the Commonwealth or significant delay in the trial proceedings. . . . [T]he parties here had begun preparing jury instructions, the jury was about to be given instructions, summations were to begin, and potential rebuttal witnesses had been released.

***Baldwin I***, 8 A.3d at 911 (internal citation omitted). ***Accord Baldwin II***, 58 A.3d at 765 ("Likewise, we agree with the Superior Court's conclusion that the potential for disruption or prejudice in the proceedings outweighed any value appellant's testimony may have had.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/18