J-S09005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIO RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 989 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 31, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000223-2022

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:              **FILED JULY 17, 2024**

Mario Rodriguez appeals from the judgment of sentence entered following his convictions of driving under the influence ("DUI") and related crimes. After careful consideration, we reverse, vacate the convictions, and discharge Rodriguez.

The trial court offered the following facts:

> On October 31, 2021, Pennsylvania State Trooper Alexander Carling ("Trooper Carling") was dispatched to a single-vehicle Motor Vehicle Crash on State Route 507 in Palmyra Township, Pike County, Pennsylvania. Upon his arrival, Trooper Carling observed a male sitting on a guide rail and a white SUV ("Vehicle") overturned approximately fifty (50) yards down a steep embankment. The male on the scene was identified as Mario Rodriguez [("Rodriguez")], from whom a strong odor of alcohol emanated. [Rodriguez] admitted he was the registered owner of the wrecked Vehicle and that he had consumed alcohol. However, [Rodriguez] claimed that another individual had been driving his Vehicle for him and that this other individual who had been driving his Vehicle fled the scene following the incident. [Rodriguez] gave several different names in attempts to identify the alleged driver.

> Following further investigation of the accident scene, Trooper Carling determined that [Rodriguez] was the driver and placed him under arrest.

Trial Court Opinion, 7/21/23, at 1-2. Rodriguez proceeded to a bench trial on January 11, 2023. At trial, the Commonwealth prosecutor opened to the trial court and indicated she intended to prove Rodriguez committed a DUI on October 3, 2022. *See* N.T. Trial, 1/11/23, at 9. The prosecutor asked the troopers if they were working on October 3, 2022, and they answered in the affirmative. *See id.* at 13, 64. At the conclusion of the trial, Rodriguez requested a dismissal of the charges as the Commonwealth had alleged in the criminal information that Rodriguez committed a DUI on October 31, 2021, but the only evidence presented at trial was for October 3, 2022. *See id.* at 88. The trial court took the matter under advisement and issued its verdict on January 13, 2023, finding Rodriguez guilty of DUI, reckless driving, careless driving, driving on roadways laned for traffic, false reports, and investigation by police officer.[1]

The trial court sentenced Rodriguez on March 31, 2023. Rodriguez filed a timely appeal and complied with the trial court's directive to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). Rodriguez raises two issues for our review:

> Did the [trial court] err in finding [Rodriguez] guilty of numerous offenses where the Commonwealth presented no testimony or

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3736(a), 3714(a), 3309(1), 3748, and 6308(a), respectively.

evidence that the offenses occurred on October 31, 2021, as per the [a]mended [c]riminal [i]nformation?

Did the [trial court] err in finding [Rodriguez] guilty of numerous offenses where the verdict was against the sufficiency and weight of the evidence?

Appellant's Brief, at 7.

Specifically, Rodriguez argues in his first issue:

[T]he Commonwealth alleged in their original and Amended Criminal Information that the criminal offense occurred on October 31st, 2021. However, at trial the Commonwealth only presented testimony and evidence to an event that allegedly took place on October 3rd, 2022, nearly a year after the date in the Criminal Information. After [Rodriguez's] trial attorney motioned to dismiss based on the Commonwealth's error, the Commonwealth acknowledged that they had made a mistake, and acknowledged that the offense occurred on October 31st, not October 3rd. Nonetheless, even though the Commonwealth had the opportunity to fix its error, they took no steps to do so, including by simply motioning to reopen the record.

*Id.* at 18 (record citations omitted). In noting that the Commonwealth failed to present sufficient evidence to show that any acts occurred on October 31, 2021, Rodriguez concludes the verdicts cannot be sustained on any offense. *See id*. at 19.

We analyze arguments challenging the sufficiency of the evidence under the following parameters:

Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any

doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citation omitted).

Here, Rodriguez was charged with driving under the influence, 75 Pa.C.S.A. 3802(a)(1). The Commonwealth is required to prove "the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).

Neither party has provided us any case directly on point, nor could we find any.[2] Both Rodriguez and the Commonwealth point to cases wherein the criminal information identifies the wrong date for the charged offense. However, here, the criminal information lists the correct date, but the incorrect

_____

[2] We note that we found one unpublished memorandum that discusses a similar claim as presented here. However, the memorandum was issued on January 6, 2014, and therefore, cannot be relied upon even for its persuasive value. *See Commonwealth v. McKee*, 2014 WL 10988231 (Pa. Super. filed January 6, 2014); Pa.R.A.P. 126(b) (unpublished memorandum filed after May 1, 2019, may be relied upon for their persuasive value). Further, *McKee* is distinguishable as the error in the date was one day, November 21, 2011, versus November 22, 2011. Whereas here, the error was just shy of one year, October 31, 2021, versus October 3, 2022.

- 4 -

date was referenced at trial. *See* Appellant's Brief, at 16-17; Appellee's Brief, at 11-12.

The cases relied upon by both parties hold that:

It is the duty of the prosecution to "fix the date when an alleged offense occurred with reasonable certainty…." *Commonwealth v. Jette*, 818 A.2d 533, 535 (Pa. Super. 2003) (citation omitted). The purpose of so advising a defendant of the date when an offense is alleged to have been committed is to provide him with sufficient notice to meet the charges and prepare a defense. [*See*] *Commonwealth v. Gibbons*, [] 784 A.2d 776 ([Pa.] 2001).

However, "due process is not reducible to a mathematical formula," and the Commonwealth does not always need to prove a single specific date of an alleged crime. *Commonwealth v. Devlin*, [] 333 A.2d 888, 892 ([Pa.] 1975). Additionally, "indictments must be read in a common sense manner and are not to be construed in an overly technical sense." *Commonwealth v. Einhorn*, 911 A.2d 960, 978 (Pa. Super. 2006) (quoting *Commonwealth v. Ohle*, [] 470 A.2d 61, 73 ([Pa.] 1983)). Permissible leeway regarding the date provided varies with, *inter alia*, the nature of the crime and the rights of the accused. [*See id.*;] Pa.R.Crim.P. 560(B)(3)[ () stating that it shall be sufficient for the Commonwealth to provide in the information, if the precise date of an offense is not known, an allegation that the offense was committed on or about any date within the period fixed by the statute of limitations[]].

*Commonwealth v. Brooks*, 7 A.3d 852, 857-58 (Pa. Super. 2010) (quoting *Commonwealth v. Koehler*, 914 A.2d 427, 436 (Pa. Super. 2006)); *see* Appellant's Brief, at 16-17; Appellee's Brief, at 11-12.

However, we do not find this legally persuasive in this matter. As Rodriguez cogently pointed out, "[m]any of the appellate cases dealing with erroneous dates concern crimes involving a course of conduct over a period

of dates or crimes that are not susceptible to being dated with any degree of specificity." Appellant's Brief, at 17. That is not the case presented here.

The Commonwealth knew when the offense occurred. This did not involve a continuing course of conduct nor was the precise date unknown. The Commonwealth notified Rodriguez of the correct date in the criminal information. However, the Commonwealth failed to present the correct date to the finder of fact at trial or to provide evidence that Rodriguez committed DUI on that date. We find this fatal to Rodriguez's conviction.

Simply put, Rule 560 and the above cases were not implicated in this case. The Commonwealth had a duty to prove that Rodriguez committed the offenses on October 31, 2021, as alleged in the criminal information charging Rodriguez.

This case does not involve a continuing course of conduct. The facts and circumstances in this case are simple and straightforward: Rodriguez was charged for DUI and related offenses for an incident on October 31, 2021. Rodriguez was not charged for an incident on October 3, 2022. There is no leeway permissible under these facts and circumstances. The crime, a DUI, was easily fixed with certainty as to the date it occurred. There is no victim other than the citizens of the Commonwealth, and the only witnesses are two police officers who responded to the accident after it occurred. The law enforcement officers knew when they responded to the accident. Yet, no one at trial testified to the date of the alleged conduct as specified in the criminal

information. Furthermore, the Commonwealth could have requested to reopen the record as it was notified at the conclusion of trial that it had presented the wrong date. **See Commonwealth v. Tharp**, 575 A.2d 557, 558-59 (Pa. 1990) ("Under the law of this Commonwealth a trial court has the discretion to reopen a case for either side, prior to the entry of final judgment, in order to prevent a failure or miscarriage of justice.") (citations omitted). We are constrained to find that the Commonwealth's error is fatal to Rodriguez's conviction.

Based on our decision as to Rodriguez's first claim, we do not address his second claim.

Judgment of sentence vacated and appellant discharged.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/17/2024